**IN THE COURT OF APPEALS OF IOWA**

No. 13-0998
Filed July 16, 2014

**JACQUE LOUIS MILLER,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Woodbury County, Jeffrey L. Poulson, Judge.

        Jacque Miller appeals the grant of summary judgment to the State in this postconviction-relief action. **AFFIRMED.**

        Robert N. Stewart of Rawlings, Ellwanger, Jacobs, Mohrhauser & Nelson, L.L.P., Sioux City, for appellant.

        Thomas J. Miller, Attorney General, Kyle Hanson, Assistant Attorney General, Patrick Jennings, County Attorney, and Jill Esteves, Assistant County Attorney, for appellee State.

        Considered by Danilson, C.J., and Potterfield and McDonald, JJ.

**DANILSON, C.J.**

### I. Background Facts and Proceedings.

B.P. alleged that Jacque Miller committed multiple sex acts with her during the summer and fall of 2010. At the time, B.P. was thirteen and fourteen years old, and Miller was four or more years older than her. A.W. alleged that Miller committed sex acts with her in the spring of 2010. At the time, A.W. was fourteen years old, and Miller was four or more years older. Miller was convicted of three counts of third-degree sexual abuse. Miller's convictions were affirmed on appeal. *See State v. Miller*, No. 11-1064, 2012 WL 3027096, at *1 (Iowa Ct. App. July 25, 2012).

Miller filed an application for postconviction relief, contending his criminal trial attorney provided ineffective assistance in several ways. The State filed a motion for summary judgment, supported by exhibits and affidavits from Miller's trial counsel and others. Trial counsel averred, in part, he considered and researched filing a motion to sever the trial on the charges concerning the two asserted victims, stating: "I conducted legal research regarding severing the charges and there were no grounds to support a motion to sever. The method of committing the acts alleged were very similar and the acts were committed close in time." The district court granted the State's motion for summary judgment, and Miller appeals.

### II. Scope and Standard of Review.

Our supreme court has summarized the scope and standard of review as follows:

We normally review postconviction proceedings for errors at law. *Everett v. State*, 789 N.W.2d 151, 155 (Iowa 2010). This includes summary dismissals of applications for postconviction relief. *Manning v. State*, 654 N.W.2d 555, 560 (Iowa 2002). Applications for postconviction relief that allege ineffective assistance of counsel, however, raise a constitutional claim. *State v. Nitcher*, 720 N.W.2d 547, 553 (Iowa 2006). We review postconviction proceedings that raise constitutional infirmities de novo. *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001). In determining whether summary judgment is warranted, the moving party has the burden of proving the material facts are undisputed. *Kolarik v. Cory Int'l Corp.*, 721 N.W.2d 159, 162 (Iowa 2006). We examine the facts in the light most favorable to the nonmoving party. *Id.*

*Castro v. State*, 795 N.W.2d 789, 792 (Iowa 2011).

## III. Discussion.

In *Castro*, our supreme court also explained the applicable standards to apply:

The standards for summary judgment in postconviction relief actions are analogous to summary judgment in civil proceedings. Under these standards, summary judgment is proper when the record reveals only a conflict over the legal consequences of undisputed facts. The moving party is required to affirmatively establish that the undisputed facts support judgment under the controlling law.

*Id.* at 793. Our rules of summary judgment do not permit the nonmovant to rest on conclusory allegations in the pleadings in the face of a properly supported motion for summary judgment. Iowa R. Civ. P. 1.981(5) ("When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials in the pleadings . . . ."). "A responsive showing must be made that would allow a reasonable fact finder to conclude in favor of the nonmovant on the claim." *Castro*, 795 N.W.2d at 795; *see also Parish v. Jumpking, Inc.*, 719 N.W.2d 540, 545 (Iowa 2006) (stating the

requirement for a response to a motion for summary judgment must assert genuine issues of facts, which are sufficient if "a reasonable fact finder could return a verdict or decision for the nonmoving party based upon those facts"). We "inquire whether a reasonable jury faced with the evidence presented could return a verdict for the nonmoving party." *Clinkscales v. Nelson Sec., Inc.*, 697 N.W.2d 836, 841 (Iowa 2005).

To establish a claim of ineffective assistance of counsel, the applicant must establish counsel breached an essential duty and prejudice resulted. *Ledezma*, 626 N.W.2d at 142. Failure to establish either prong is fatal to the claim. *Id.* "[I]t is not enough to simply claim that counsel should have done a better job. The applicant must state the specific ways in which counsel's performance was inadequate and identify how competent representation probably would have changed the outcome." *Dunbar v. State*, 515 N.W.2d 12, 15 (Iowa 1994) (citations omitted). Failure to do so renders the claim too general to address. *See id.* Similarly, failure in the brief to provide argument in support of an issue may be deemed waiver of that issue. Iowa R. App. P. 6.903(2)(g)(3) ("Failure to cite authority in support of an issue may be deemed waiver of that issue.").

Miller contends his criminal trial counsel failed (1) to file a motion to sever, (2) to object to leading questions during the direct examination of the child witnesses, (3) to call certain defense witnesses, (4) to object to the admission of a criminal investigation report, (5) to obtain text messages of a child witness prior to her deposition, and (6) to cross-examine one child witness concerning texts she sent to Miller. With the exception of the motion to sever, Miller provides no

more than bare assertions or unsupported allegations of counsel's ineffectiveness, which we decline to address.[1] Concerning the lack of a motion to sever, we conclude Miller has failed to show his trial counsel's decision not to file such a motion was unreasonable or that prejudice resulted. *Cf. State v. Romer*, 832 N.W.2d 169, 181-83 (Iowa 2013) (discussing "common scheme or plan" under Iowa Rule of Criminal Procedure 2.6(1) and finding the trial court did not abuse its discretion in not severing the trials of multiple victims and prejudice did not outweigh judicial economy). We therefore affirm the district court's summary dismissal of Miller's postconviction action.

**AFFIRMED.**

---

[1] For example, Miller fails to identify what "leading questions" he would have had trial counsel object to and how he was prejudiced. He provides nothing to support his bare allegation that Damien Hayes would have provided favorable testimony. He fails to edify this court on how his counsel's strategic decision not to object to an investigative report was unreasonable, fails to explain how he was prejudiced at trial by his counsel's failure to obtain B.P.'s text messages before her deposition, and fails to provide any citation in the record with respect to his claim that his counsel failed to cross-examine one of the child witnesses. It is not this court's duty to search the record to find support for the applicant's contentions. *See State v. Piper*, 663 N.W.2d 894, 913 (Iowa 2003) (finding defendant waived argument on issues presented "in one-sentence conclusions without analysis"), *overruled on other grounds by State v. Hanes*, 790 N.W.2d 545 (Iowa 2010); *Inghram v. Dairyland Mut. Ins. Co.*, 215 N.W.2d 239, 240 (Iowa 1974) ("To reach the merits of this case would require us to assume a partisan role and undertake the appellant's research and advocacy.").