## IN THE COURT OF APPEALS OF IOWA

No. 16-2032
Filed December 20, 2017

**ANTONIO MONTE GIAMBO II,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Pottawattamie County, James S.
Heckerman, Judge.

An applicant appeals the denial of postconviction relief. **AFFIRMED.**

Krisanne C. Weimer of Weimer Law, P.C., Council Bluffs, for appellant.

Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney
General, for appellee State.

Considered by Danilson, C.J., and Tabor and McDonald, JJ.

**TABOR, Judge.**

With the jury waiting, Antonio Giambo II entered a plea agreement with the State that reduced his charge from third-degree sexual abuse, a class "D" felony, to assault with intent to commit sexual abuse, an aggravated misdemeanor. Following his guilty plea and sentencing, he unsuccessfully applied for postconviction relief (PCR) as a self-represented litigant.

Giambo now appeals the PCR court's denial of relief, claiming trial counsel had a conflict of interest and used threats to coerce his plea. Giambo additionally alleges his plea was coerced based on "a conflict of interest with anyone from the State Public Defender's office representing him at his January 2014 [criminal] trial because they were concurrently representing the alleged victim in other, unrelated cases." After reviewing the record, we affirm the PCR court's thorough and well-reasoned decision rejecting these claims. *See* Iowa Ct. R. 21.26(1)(a), (d), (e).

In a second issue, Giambo asserts his PCR counsel rendered ineffective assistance in multiple ways. Such claims are an exception to the rules of error preservation. *See Dunbar v. State*, 515 N.W.2d 12, 15 (Iowa 1994). Our review is de novo. *See Dempsey v. State*, 860 N.W.2d 860, 868 (Iowa 2015). "We must now decide whether these claims present grounds which may be addressed in this appeal or preserved for further postconviction proceedings." *Dunbar*, 515 N.W.2d at 15. Ordinarily, we preserve such claims to allow development of the facts surrounding counsel's conduct. *See State v. Rawlings*, 402 N.W.2d 406, 408 (Iowa 1987). But we may address claims where the record is sufficiently developed to resolve them. *State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010). Here, the record is adequate to resolve all but one of these claims.

To succeed, Giambo must establish (1) his PCR counsel failed to perform an essential duty and (2) that failure resulted in prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Reversal is warranted only where a claimant makes a showing of both elements." *Dempsey*, 860 N.W.2d at 868. If a claimant fails to establish one element, we need not address the other. *Id.*

Giambo first faults PCR counsel for not amending the self-represented application that failed to include a prayer for relief. We conclude Giambo was not prejudiced by counsel's omission because, after his PCR counsel filed a brief addressing Giambo's claims with a specific prayer for relief, the court considered and resolved the matters.

Giambo also contends PCR counsel failed to adequately investigate whether plea counsel had a conflict of interest. Because we agree with the PCR court's conclusion that this claim was meritless, PCR counsel did not breach a duty by curtailing further inquiry after she provided Giambo with transcripts refuting his conflict-of-interest claim. *State v. Hoskins*, 711 N.W.2d 720, 731 (Iowa 2006) (ruling counsel is not ineffective for failing to raise meritless issues).

Giambo next asserts PCR counsel failed to identify and present evidence on the issue of Giambo's reasonable ability to reimburse court-appointed trial attorney fees. Because such fee issues do not provide grounds for relief, this claim is also meritless. *See* Iowa Code § 822.2(1)(g) (2015).

Giambo next complains PCR counsel failed to challenge his trial counsel's ineffectiveness in allowing Giambo to enter a guilty plea without a factual basis. Determining a factual basis is a prerequisite for accepting a guilty plea. Iowa R. Crim. P. 2.8(2)(b). Where there is no factual basis and trial counsel allows a

defendant to plead guilty, trial counsel breaches an essential duty. *State v. Schminkey*, 597 N.W.2d 785, 788 (Iowa 1999). In such circumstances, we presume prejudice. *Id.* In deciding if a factual basis existed for Giambo's plea, we examine the record before the plea court, including the minutes of testimony, for sufficient proof supporting the conclusion Giambo assaulted the victim with intent to commit sexual abuse. *See* Iowa Code § 709.11 (2015); *State v. Keene*, 630 N.W.2d 579, 581 (Iowa 2001). The record need not contain "the totality of evidence necessary to support a guilty conviction, but only . . . demonstrated the facts to support the elements of the offense." *Rhodes v. State*, 848 N.W.2d 22, 29 (Iowa 2014) (citation omitted).

At the plea hearing, Giambo acknowledged the witnesses would testify consistently with the minutes of evidence. The minutes show the complaining witness would testify Giambo forced her into the bathroom of a vacant apartment, threatened her with a knife, and told her to "suck [him] off." He grabbed her and tried to kiss her. When Giambo pressed his penis against the corner of her mouth and cheek, she tried to bite it. She started to yell for help, but Giambo covered her mouth with his hand and demanded she undress for vaginal sex. He paused when he heard voices outside of the bathroom and threatened to kill her with his knife. Giambo then sexually assaulted her as she wept. After the assault, she called 911 and identified Giambo in a photographic line-up while she was at the hospital. Giambo's PCR counsel had no duty to raise this meritless issue—the minutes provided a factual basis for his plea.

Finally, Giambo asserts PCR counsel was ineffective in not challenging the plea court's failure to advise him of "the criminal penalty surcharge imposed by

Iowa Code section 911.1 or the sexual abuse victim surcharge imposed by Iowa Code section 911.2B." The State replies "there is no likelihood that Giambo would not have pleaded guilty but for being informed regarding a 35% surcharge of $218."

A defendant pleading guilty has a right to be informed of surcharges levied on fines. *State v. Fisher*, 877 N.W.2d 676, 678 (Iowa 2016). The "circumstances underlying . . . [Giambo's] willingness to go to trial are facts that should be permitted to be more fully developed." *See State v. Gaston*, No. 16-1957, 2017 WL 4317310, at *2 (Iowa Ct. App. Sept. 27, 2017) (quoting *State v. Delacy*, No. 16-0827, 2017 WL 1735684, at *4 (Iowa Ct. App. May 3, 2017)); *accord State v. Iddings*, No. 15-1597, 2017 WL 2464049, at *5 (Iowa Ct. App. June 7, 2017); *State v. Bascom*, No. 15-2173, 2017 WL 1733115, at *1 (Iowa Ct. App. May 3, 2017); *State v. Taylor*, No. 16-0762, 2017 WL 1735682, at *1–2 (Iowa Ct. App. May 3, 2017). Accordingly, we preserve this claim for the possibility of an additional postconviction proceeding. *See Fetters v. State*, No. 03-1088, 2004 WL 793729, at *3 (Iowa Ct. App. Apr. 14, 2004) (finding record inadequate and preserving claims of ineffective assistance of PCR trial counsel).

**AFFIRMED.**

Danilson, C.J., concurs; McDonald, J., partially dissents.

**MCDONALD, Judge** (dissenting in part).

I concur in the majority's resolution of Giambo's claims except Giambo's claim of ineffective assistance of postconviction counsel in failing to challenge the adequacy of the plea colloquy as it related to the provision of information regarding applicable surcharges. I would deny that claim on the merits. I thus concur in part and dissent in part.

Iowa Code chapter 822 (2105) creates a statutory procedure for "[a]ny person who has been convicted of, or sentenced for, a public offense" to seek postconviction relief. Iowa Code § 822.2. "[P]ostconviction relief proceedings are not criminal proceedings, but rather are civil in nature and are triable at law to the court." *Jones v. State*, 479 N.W.2d 265, 269 (Iowa 1991) (emphasis in original omitted). As with any civil proceeding, postconviction-relief proceedings are subject to rules regarding the timely and prompt presentation of claims. For example, the statute provides for a three-year statute of limitations. *See* Iowa Code § 822.3. By way of another example, the statute contains a claim-preclusion provision. Specifically, Iowa Code section 822.8 provides:

> All grounds for relief available to an applicant under this chapter must be raised in the applicant's original, supplemental or amended application. Any ground finally adjudicated or not raised, or knowingly, voluntarily, and intelligently waived in the proceeding that resulted in the conviction or sentence, or in any other proceeding the applicant has taken to secure relief, may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended application.

*Cf. Pavone v. Kirke*, 807 N.W.2d 828, 835 (Iowa 2011) (stating the doctrine of claim preclusion holds "a valid and final judgment on a claim bars a second action on the

adjudicated claim or any part thereof" and "claim preclusion will apply not only to matters actually determined in an earlier action but to all relevant matters that could have been determined").

With respect to the claim preclusion provision, the supreme court had interpreted this provision "to require a postconviction-relief applicant to raise any ineffective-assistance claims on direct appeal or 'show sufficient reasons why any ground for relief asserted in a postconviction relief petition was not previously asserted on direct appeal.'" *State v. Johnson*, 784 N.W.2d 192, 196 (Iowa 2010) (citation omitted). If the postconviction-applicant failed "to prove a sufficient reason for failing to raise a claim on direct appeal, he [was] precluded from asserting the claim in a postconviction proceeding." *Id.* Not only did the supreme court require an applicant to present a claim of ineffective assistance of counsel on direct appeal, it required the defendant to make a showing "supporting the legitimacy of the claim." *Id.* Specifically:

> To preserve claims of ineffective assistance of counsel for postconviction review, a defendant must make some minimal showing from which this court can assess the potential viability of his or her claim. Such a showing should not only demonstrate some need for further development of the record, but should indicate why the challenged actions are believed to have been ineffective and what prejudice is likely to have resulted from them. The bald assertion that certain acts constitute ineffective assistance of counsel will be insufficient to preserve the question for postconviction proceedings.

*Id.*

In 2004, the legislature abrogated the caselaw that required a defendant to raise a claim of ineffective assistance of counsel on direct appeal to preserve the claim for postconviction-relief proceedings. The new provision provided:

> 1. An ineffective assistance of counsel claim in a criminal case shall be determined by filing an application for postconviction relief pursuant to chapter 822, except as otherwise provided in this section. The claim need not be raised on direct appeal from the criminal proceedings in order to preserve the claim for postconviction relief purposes.
> 2. A party may, but is not required to, raise an ineffective assistance claim on direct appeal from the criminal proceedings if the party has reasonable grounds to believe that the record is adequate to address the claim on direct appeal.
> 3. If an ineffective assistance of counsel claim is raised on direct appeal from the criminal proceedings, the court may decide the record is adequate to decide the claim or may choose to preserve the claim for determination under chapter 822.

Iowa Code § 814.7. In *Johnson*, the supreme court recognized this provision abrogated "the preservation requirement as it applied to direct appeals." *Johnson*, 784 N.W.2d at 197. The *Johnson* court also recognized the statutory change eliminated the requirement that the defendant on direct appeal "make any particular record in order to preserve the claim for postconviction relief." *Id.* at 198. In making this latter determination, the supreme court overruled cases to the contrary. *See id.*

In this case, Giambo raises a claim of ineffective assistance of postconviction counsel. There is no constitutional right to postconviction relief, postconviction counsel, or the effective assistance of postconviction counsel. *See Williams v. Pennsylvania*, 136 S. Ct. 1899, 1921 (2016) (Thomas, J., dissenting); *Montgomery v. Louisiana*, 136 S. Ct. 718, 746 (2016) (Thomas, J., dissenting) ("Because the Constitution does not require postconviction remedies, it certainly does not require postconviction courts to revisit every potential type of error."); *Coleman v. Thompson*, 501 U.S. 722, 752 (1991) ("There is no constitutional right to an attorney in state post-conviction proceedings. Consequently, a petitioner

cannot claim constitutionally ineffective assistance of counsel in such proceedings."); *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions, and we decline to so hold today. Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further."). However, the supreme court has recognized a statutory right to counsel in chapter 822 proceedings and a corresponding statutory right to the effective assistance of postconviction counsel. *See Dunbar v. State*, 515 N.W.2d 12, 15 (Iowa 1994).

With respect to a claim of ineffective assistance of postconviction counsel raised on appeal from an adverse judgment in a postconviction-relief proceeding, to the extent such a claim can be "preserved" for subsequent rounds of postconviction-relief proceedings,[1] the applicant is still required to make a particularized showing of a viable claim. This requirement was set forth in *Dunbar*.

_____

[1] There is no statutory authority to preserve a claim of ineffective assistance of postconviction counsel. *See Moody v. State*, No. 16-1465, 2017 WL 4843182, at *4 (Iowa Ct. App. Oct. 25, 2017) (McDonald, J., concurring specially); *Moore v. State*, No. 15-1779, 2017 WL 2461427, at *13 (Iowa Ct. App. June 7, 2017) ("Because a postconviction-relief proceeding is a civil proceeding rather than a 'criminal proceeding,' section 814.7(3) is inapplicable here. We thus have no authority to 'preserve' a claim of ineffective assistance of postconviction counsel. [The applicant] may file another application for postconviction relief and assert this or any other claim. The timeliness and propriety of any such application, claim, or claims would be governed by chapter 822."); *Cole v. State*, No. 15-0344, 2016 WL 7395722, at *2 (Iowa Ct. App. Dec. 21, 2016) (declining to "preserve" claim of ineffective assistance of postconviction counsel on the ground there is statutory authority to do so). The lack of statutory authority to "preserve" such a claim does not necessarily mean the applicant would be precluded from presenting such a claim in a second or subsequent application for postconviction relief. The ineffective assistance of postconviction counsel might constitute "sufficient cause" within the meaning of section 822.8 to excuse the failure to present the claim in an earlier proceeding. *See Dunbar*, 515 N.W.2d at 14.

*See id.* (declining to preserve claim where the allegations were "too general" and where the applicant failed to articulate particular prejudice). Section 814.7 did not abrogate the *Dunbar* requirement with respect to appeals from postconviction-relief proceedings because section 814.7 related only to claims on "direct appeal from the criminal proceedings." Nor did *Johnson* overrule or otherwise limit *Dunbar*. *See Johnson*, 784 N.W.2d at 197 (noting *Dunbar* applied a "similar specificity requirement" to preserve a claim of ineffective assistance of postconviction counsel). To the contrary, the *Johnson* court very specifically held section 814.7 eliminated only the requirement for a heightened showing in the context of a direct appeal:

> Upon our examination of this issue, we overrule our holding . . . that a defendant is required to demonstrate the potential viability of any ineffective-assistance claim **raised on direct appeal** in order to preserve the claim for postconviction relief. We think it would be inconsistent with the rule that a defendant is not required to raise ineffective-assistance claims **on direct appeal** in order to preserve such claims for postconviction relief, yet hold that such claims cannot be preserved when they are raised in a general or conclusory manner **on direct appeal**. Moreover, section 814.7(3) clearly gives the appellate court only two choices when an ineffective-assistance claim is raised **on direct appeal**: (1) "decide the record is adequate to decide the claim," or (2) "choose to preserve the claim for determination under chapter 822." Iowa Code § 814.7(3). Based on the provisions of section 814.7, we hold defendants are no longer required to raise ineffective-assistance claims **on direct appeal**, and when they choose to do so, they are not required to make any particular record in order to preserve the claim for postconviction relief.

*Id.* at 198 (emphases added). The preservation of this heightened requirement with respect to claims of ineffective assistance of postconviction counsel advances a legitimate interest in the finality of criminal convictions. Otherwise, it's just

ineffective-assistance turtles all the way down. *See Rapanos v. United States*, 547 U.S. 715, 754 n.14 (2006).

Applying the controlling standard to the case at hand, I would not preserve Giambo's claim of ineffective assistance of postconviction counsel related to the failure to challenge the adequacy of the plea proceeding insofar as the plea court failed to inform the defendant of applicable surcharges. Giambo raises a very specific claim, which satisfies the dictate of *Dunbar*. However, Giambo does not allege prejudice. That is, he makes no argument that had he been informed of the applicable surcharges he would have foregone the guilty plea and insisted on going to trial. Indeed, such a claim is contrary to Giambo's main argument on appeal—that his trial counsel and the district court forced Giambo to accept the plea offer against Giambo's will. Are we to believe that had Giambo been informed of the surcharges he would have summoned sufficient additional intestinal fortitude to resist the demands of his allegedly overbearing counsel and the district court? There is nothing in this record to establish *Giambo* has a legitimate or viable claim in this respect, and I would deny the claim on the merits and affirm the judgment of the postconviction court in its entirety. *See Dunbar*, 515 N.W.2d at 16 ("On appeal Dunbar was required to identify specific errors on the part of postconviction counsel that prejudiced his case. Dunbar has failed to do so. Consequently, we affirm the district court's denial of his application for postconviction relief.").

For the foregoing reasons, I concur in part and dissent in part.