Robert DUNBAR, Appellant,

v.

**STATE of Iowa, Appellee.**

No. 92–2059.

Supreme Court of Iowa.

April 20, 1994.

Rehearing Denied May 25, 1994.

Linda Del Gallo, State Appellate Defender, for appellant.

Bonnie J. Campbell, Atty. Gen., Thomas G. Fisher, Jr., Asst. Atty. Gen., and Charles A. Stream, County Atty., for appellee.

Considered by HARRIS, P.J., and LARSON, CARTER, SNELL, and TERNUS, JJ.

TERNUS, Justice.

In June 1990, Robert Dunbar was sentenced to a prison term not to exceed ten years after pleading guilty to a charge of third-degree sexual abuse. *See* Iowa Code

§ 709.4 (1989). Dunbar did not file a direct appeal from his conviction.

Later, in January 1992, he filed a pro se application for postconviction relief pursuant to Iowa Code chapter 663A (1991). In his application Dunbar complained that his trial counsel was ineffective, Dunbar did not understand his rights, counsel pressured Dunbar to plead guilty, and counsel would not allow Dunbar to fire him. Dunbar's court-appointed attorney submitted the application for determination on the record. The district court' found no error and denied the application for relief.

Dunbar appeals, claiming his postconviction counsel was ineffective. The state contends that such a claim does not exist. We affirm.

## I. *Postconviction Procedure.*

Because the validity of Dunbar's claim depends in part on Iowa's postconviction relief statute, we begin with a review of that law. Iowa Code chapter 663A governs postconviction relief procedure in Iowa. *See* Iowa Code ch. 663A (1991) (now codified at Iowa Code ch. 822 (1993)). Under this chapter any person convicted of, or sentenced for, a public offense may file an application for postconviction relief. *Id.* § 663A.2.

The statute requires that all grounds for relief be raised in the original, supplemental, or amended application. *Id.* § 663A.8. Any ground not raised cannot be the basis for a subsequent application unless the court finds "for sufficient reason" that the ground "was not asserted or was inadequately raised in the original, supplemental, or amended application." *Id.*

Also of importance to this case is the statute's provision for the payment of the expenses of legal representation. Iowa Code section 663A.5 provides that, if

> the applicant [for postconviction relief] is unable to pay court costs and expenses of representation, ... or other legal services these costs and expenses shall be made available to the applicant in the preparation of the application, in the trial court, and on review.

## II. *Right to Effective Assistance of Counsel.*

Dunbar claims that his postconviction relief counsel was ineffective because he failed to properly investigate, prepare, and present Dunbar's postconviction claim to the district court. The State contends that Dunbar is not constitutionally entitled to the assistance of counsel in postconviction relief proceedings. Therefore, the State argues, he cannot challenge the denial of his application for postconviction relief by claiming ineffective assistance of postconviction relief counsel.

The State acknowledges our past cases holding that a defendant can raise a claim of ineffective assistance of postconviction relief counsel. *E.g., Patchette v. State,* 374 N.W.2d 397, 399 (Iowa 1985); *Sims v. State,* 295 N.W.2d 420, 422–23 (Iowa 1980). However, the State asks us to reconsider our case law in light of the United States Supreme Court's recent decision in *Coleman v. Thompson,* 501 U.S. 722, ——, 111 S.Ct. 2546, 2566, 115 L.Ed.2d 640, 671 (1991), holding that a defendant "cannot claim constitutionally ineffective assistance of counsel in [postconviction relief] proceedings."

The *Coleman* case does not affect Dunbar's ability to claim ineffective assistance of postconviction relief counsel because such a claim is not *constitutionally* based in Iowa. *See Fuhrmann v. State,* 433 N.W.2d 720, 722 (Iowa 1988). In *Fuhrmann,* we stated that there were no "state or federal constitutional grounds" for counsel in postconviction relief proceedings. *Id.* We went on to hold, however, that Iowa Code section 663A.5 gives the trial court discretion to appoint postconviction relief counsel "if it 'appears a substantial issue of law or fact *may* exist.'" *Id.* (quoting *Furgison v. State,* 217 N.W.2d 613, 615–16 (Iowa 1974)); *accord Leonard v. State,* 461 N.W.2d 465, 467–68 (Iowa 1990).

The right to counsel under section 663A.5 "necessarily implies that counsel be effective." *Patchette,* 374 N.W.2d at 398. Moreover, the ineffectiveness of postconviction relief counsel constitutes "sufficient cause" under section 663A.8 to excuse an applicant's failure to adequately raise an is-

sue in prior proceedings. *Sims,* 295 N.W.2d at 422–23. We now apply this law to the case before us.

■ The State does not claim here that the trial court abused its discretion in appointing counsel to represent Dunbar. Consequently, once counsel was appointed to represent him, Dunbar had a right to the effective assistance of this counsel. *See Patchette,* 374 N.W.2d at 399. Therefore, we hold that Dunbar has properly raised a claim under section 663A.8 that ineffective assistance of postconviction counsel prevented him from adequately raising the issues he attempted to assert in his pro se application for postconviction relief.

### III. *Allegations of Ineffective Assistance of Postconviction Counsel.*

■ To prevail on his claim of ineffective assistance of counsel, Dunbar must ultimately show that his attorney's performance fell outside a normal range of competency and that the deficient performance so prejudiced him as to give rise to the reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *State v. McKettrick,* 480 N.W.2d 52, 55 (Iowa 1992); *see Schertz v. State,* 380 N.W.2d 404, 412 (Iowa 1985) (same standards for competency apply to trial counsel and any subsequent counsel). Representation is presumed competent and a defendant has the burden to prove by a preponderance of the evidence that counsel was ineffective. *McKettrick,* 480 N.W.2d at 55.

Dunbar claims that postconviction counsel was ineffective in the following respects: (1) failing to amend his pro se postconviction application to expand upon the claims made by Dunbar and explain why those claims had not been previously raised; (2) failing to order transcripts of the guilty plea and sentencing proceedings; (3) failing to investigate Dunbar's claims; (4) failing to obtain Dunbar's attendance at the hearing on the application for postconviction relief so that Dunbar could testify; and (5) failing to file affidavits to support the application. We must now decide whether these claims present grounds which may be addressed in this appeal or preserved for further postconviction

proceedings. *State v. White,* 337 N.W.2d 517, 519 (Iowa 1983); *see Schertz,* 380 N.W.2d at 412.

■ When complaining about the adequacy of an attorney's representation, it is not enough to simply claim that counsel should have done a better job. *White,* 337 N.W.2d at 519. The applicant must state the specific ways in which counsel's performance was inadequate and identify how competent representation probably would have changed the outcome. *See Schertz,* 380 N.W.2d at 412; *State v. Kendall,* 167 N.W.2d 909, 911 (Iowa 1969).

■ Here, Dunbar's allegations that postconviction counsel failed to expand on Dunbar's application and explain why his claims had not been raised earlier, that counsel failed to investigate Dunbar's claims, and that counsel failed to file affidavits are too general in nature to allow us to address these allegations or preserve them for a second postconviction proceeding. *See Schertz,* 380 N.W.2d at 412. For example, Dunbar does not propose what an investigation would have revealed or how anything discovered would have affected the result obtained below.

■ Nor can we address or preserve the claim that counsel failed to have Dunbar testify at the postconviction hearing. Although this ground is specific, Dunbar does not suggest what such testimony would have been or how it would have supported his application. *See id.*

■ Dunbar's last complaint concerning postconviction counsel, that he failed to order transcripts of the trial court proceedings, can be addressed in this appeal. Appellate counsel obtained copies of the transcripts of the guilty plea and sentencing proceedings and they are part of the record before us. We have reviewed these transcripts and find nothing in them to support the claims made in Dunbar's application for postconviction relief. Moreover, present counsel for Dunbar has not brought to our attention any defect in the proceedings shown by these transcripts. Because Dunbar cannot show prejudice, this alleged error by postconviction counsel affords no basis for an ineffective

assistance of counsel claim. *State v. Bumpus,* 459 N.W.2d 619, 627 (Iowa), *cert. denied,* 498 U.S. 1001, 111 S.Ct. 563, 112 L.Ed.2d 570 (1990).

IV. *Summary.*

Once the trial court appointed counsel to represent Dunbar in his attempt to obtain postconviction relief, Dunbar was entitled to the effective assistance of this counsel. If his court-appointed counsel was ineffective, Dunbar could raise this claim on his appeal from the denial of his application.

On appeal Dunbar was required to identify specific errors on the part of postconviction counsel that prejudiced his case. Dunbar has failed to do so. Consequently, we affirm the district court's denial of his application for postconviction relief.

**AFFIRMED.**