WIGGINS, Justice
(concurring specially)-
I specially concur in the outcome of this case. I agree that we should reach the merits of Lamasters’s postconviction relief action and that Lamasters is not entitled to postconviction relief. However, I part ways with the majority on its error preservation analysis. Once again, the majority unnecessarily expands our well-settled error preservation rules in order to reach the merits of a case.[9] See King v. State, 818 N.W.2d 1, 43-49 (Iowa 2012) (Wiggins, J., dissenting).
The rule in Iowa, as opposed to the federal system, is that a defendant is entitled to effective assistance of counsel in a postconviction relief action. Dunbar v. State, 515 N.W.2d 12, 14 (Iowa 1994). Because of this rule, I would find logic dictates that there can never be an error preservation issue for failing to file a *873 1.904(2) motion in an ineffective-assistance-of-counsel case.
When an appellate court finds an error preservation problem on appeal in a case other than a posteonvietion relief action, the court does not address the unpre-served issue on appeal, and the appeal is final. In a posteonvietion relief action, our finding that error was not preserved due to a failure to file a rule 1.904(2) motion will only lead to the defendant filing another posteonvietion relief action, alleging posteonvietion relief counsel was ineffective. In the second posteonvietion relief action, the defendant will offer substantially the same evidence offered in the first action. This is a complete waste of precious judicial resources. Had the majority not contorted our error preservation rules, this is exactly what would have happened in this case.
The better practice is to adopt an exception to our error preservation rules for a posteonvietion relief action and hold a defendant preserves error on all issues raised and litigated in the trial court, regardless of whether the defendant filed a rule 1.904(2) motion. This type of exception is not new to Iowa jurisprudence.
In DeVoss v. State, we held an appellate court may uphold evidentiary rulings on a theory not urged at trial based on “the realization that on retrial the error could easily be corrected.” 648 N.W.2d 56, 62 (Iowa 2002). The basis of DeVos's holding is that it would be a waste of judicial resources to retry the ease, when the same evidence would be admissible in a new trial under a different theory than previously urged in the trial court. Id.
The same reasoning applies here. If we were to agree with the court of appeals that Lamasters did not preserve error, he would probably refile his action, alleging ineffective assistance of posteonvietion relief counsel. The subsequent action would contain the same evidence as the prior trial. This makes no sense to me and is a tremendous waste of judicial assets.
APPEL, J., joins this special concurrence.

. The lip-off that the majority is stretching our error preservation rules is when it states that error preservation is a close call.