# IN THE COURT OF APPEALS OF IOWA

No. 14-0651
Filed February 25, 2015

**RONALD MARVIN SANDUSKY,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

Appeal from the Iowa District Court for Madison County, David L. Christensen, Judge.

Ronald Sandusky appeals from the order denying his application for postconviction relief. **AFFIRMED.**

Andrew T. Schoonhoven of Schoonhoven Law, P.L.L.C., Winterset, for appellant.

Thomas J. Miller, Attorney General, Kyle P. Hanson, Assistant Attorney General, and Julie Forsyth, County Attorney, for appellee State.

Considered by Vogel, P.J., McDonald, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**SCOTT, S.J.**

Ronald Sandusky appeals from the order denying his application for postconviction relief (PCR) following his 2011 convictions of sexual abuse and assault. Sandusky contends the court erred in rejecting eight claims of ineffective assistance of trial counsel. He also contends his PCR trial counsel was ineffective in failing to move the PCR court to make findings on additional claims of ineffective assistance of trial counsel raised in his PCR trial testimony. We review these claims de novo. *See Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001).

In order to prove an ineffective-assistance-of-counsel claim, an appellant must show by a preponderance of the evidence that counsel (1) failed to perform an essential duty and (2) prejudice resulted. *Ennenga v. State*, 812 N.W.2d 696, 701 (Iowa 2012). We can resolve ineffective-assistance claims under either prong. *State v. Ambrose*, ___ N.W.2d ___, 2015 WL 47853, at *5 (Iowa 2015). We measure counsel's performance against that of a reasonably competent attorney and avoid second-guessing trial strategy. *Everett v. State*, 789 N.W.2d 151, 158 (Iowa 2010).

Sandusky failed to prove trial counsel was ineffective in the eight respects rejected by the PCR court. Even assuming Sandusky showed counsel breached one or more duties alleged, he wholly fails to demonstrate the likelihood of prejudice necessary to obtain relief. Sandusky must show a reasonable probability that but for counsel's error, a different result would have been reached. *See Ambrose*, 2015 WL 47853, at *5. This means the likelihood must be substantial, not just conceivable; it must be sufficient to undermine confidence

in the outcome. *Id.* Sandusky simply alleges that the outcome "may have" or "could have" been different, or makes conclusory statements that he was prejudiced without specifying how different actions would have led to the reasonable probability of a different outcome. Because he falls far short of showing a reasonable probability of a different result, we affirm the order denying relief.

For the same reasons, we find Sandusky has failed to show PCR counsel was ineffective in failing to seek expanded findings on allegations of ineffective assistance of trial counsel he raised in his testimony. His claims are too general to be addressed or preserved for a second PCR proceeding. *See Dunbar v. State*, 515 N.W.2d 12, 15 (Iowa 1994).

**AFFIRMED.**