# IN THE COURT OF APPEALS OF IOWA

No. 13-1171
Filed May 20, 2015

**ARNOLD GRICE,**
      Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
      Respondent-Appellee.
_____

Appeal from the Iowa District Court for Scott County, Mary E. Howes,
Judge.

Arnold Grice appeals following the denial of his application for
postconviction relief.  **AFFIRMED.**

Kent A. Simmons, Bettendorf, for appellant.

Thomas J. Miller, Attorney General, Darrel Mullins, Assistant Attorney
General, Michael J. Walton, County Attorney, and Julie Walton, Assistant County
Attorney, for appellee State.

Considered by Potterfield, P.J., Bower, J., and Mahan, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**MAHAN, S.J.**

Arnold Grice appeals following the denial of his application for postconviction relief (PCR). Rather than challenge the merits of the claims raised and rejected below, he alleges his PCR counsel was ineffective. Specifically, he contends his PCR counsel breached a duty by failing to raise the claim of ineffective assistance of trial counsel he now raises for the first time in this appeal. We review ineffective-assistance claims de novo. *State v. Maxwell*, 743 N.W.2d 185, 195 (Iowa 2008).

**I. Background Facts and Proceedings.**

Grice was facing charges of third-degree sexual abuse, second-degree sexual abuse, and distributing cocaine to a minor when the State dismissed the charges three weeks before the speedy-trial deadline. Those charges were then refiled along with two additional counts of third-degree sexual abuse and one count of first-degree kidnapping. Grice moved to dismiss the new trial information, alleging the State was attempting to circumvent his right to a speedy trial. The trial court denied the motion after determining the State properly dismissed and refiled the charges when a new witness was added.

After the new charges were filed, the State made a plea offer to Grice: if he pleaded guilty to one count of third-degree sexual abuse, the State agreed to dismiss the remaining charges. Grice refused the offer under the belief the assistant county attorney who originally prosecuted his case had engaged in prosecutorial misconduct by refiling the charges against him to add the kidnapping charge. Based on prior dealings with that prosecutor, Grice believed she had a personal vendetta against him. Grice also believed the ruling on his

motion to dismiss would be reversed due to the prosecutor's misconduct. At the close of a bench trial, Grice was convicted of three counts of third-degree sexual abuse and one count of delivery of cocaine to a minor. He was sentenced to ten years in prison on each sexual-abuse conviction, to be served concurrently to each other and consecutively to a twenty-five-year sentence on the delivery conviction.[1]

In April 2011, Grice initiated this PCR action. Through counsel, he alleged his trial counsel was ineffective for failing to challenge "constitutionally deficient trial information" and the county attorney "labored under two conflicts of interest" and prosecuted him in violation of his due process rights. After interviewing the attorney who represented Grice at trial,[2] PCR counsel was unable to determine a basis for an ineffective-assistance claim. She declined to subpoena trial counsel, believing his testimony was not beneficial to Grice and therefore unnecessary. PCR counsel informed the court of her opinion that trial counsel was not ineffective, and Grice proceeded to argue his claims pro se with the assistance of his PCR counsel.

## II. Ineffective Assistance of Counsel.

Grice now contends his trial counsel failed to adequately counsel him with regard to the plea offer. This claim has not been raised previously. However, Grice alleges his PCR counsel was ineffective in failing to raise the claim in his PCR action. A claim of ineffective assistance of PCR counsel may be raised in

---

[1] This court affirmed the convictions on direct appeal. *State v. Grice*, No. 08-0103, 2009 WL 606055, at *3 (Iowa Ct. App. Mar. 11, 2009).
[2] Grice was represented by three different attorneys during the course of the criminal proceedings.

the appeal from the denial of a PCR application. *Dunbar v. State*, 515 N.W.2d 12, 16 (Iowa 1994).

We cannot determine PCR counsel's effectiveness without first considering the merit of the underlying ineffective-assistance-of-trial-counsel claim. *See, generally*, *Ledezma v. State*, 626 N.W.2d 134, 141–42 (Iowa 2001) (stating that to prove ineffective assistance of appellate counsel, PCR applicant must show the ineffective-assistance-of-trial-counsel claim would have prevailed if raised on direct appeal). An ineffective-assistance claim is meritorious when it is shown that counsel breached an essential duty and prejudiced resulted. *See Lamasters v. State*, 821 N.W.2d 856, 866 (Iowa 2012). A breach of duty occurs when counsel performs below the standard of a "reasonably competent attorney" as measured against the "prevailing professional norms." *Id.* Here, Grice argues his trial counsel had a duty to explain that the prosecutor was acting within the scope of the law by filing the second trial information and the trial court's ruling on his motion to dismiss would stand. He intimates that being unaware of these realities led him to reject a highly-favorable plea offer.

We are unable to evaluate the strength of Grice's underlying ineffective-assistance claim in this appeal. The record does not disclose what counsel explained to Grice regarding the State's ability to refile charges or what Grice understood. Trial counsel was never subpoenaed to testify. The State concedes the record is undeveloped regarding the conversations between Grice and his trial counsel. Because the record is not adequate to evaluate his claim, we

preserve it for another PCR proceeding.[3]  *See State v. Buchanan*, 800 N.W.2d 743, 748 (Iowa 2011) (noting our preference to preserve ineffective-assistance-of-counsel claims for PCR proceedings to allow an adequate record of the claim to be developed).

**AFFIRMED.**

---

[3] The State argues that even assuming counsel breached a duty, Grice cannot prove he was prejudiced given statements he made about wanting to fight the charges.  While the State alleges those statements show Grice would not have accepted the plea offer regardless, we note the statements would have been made while Grice held his beliefs regarding prosecutorial misconduct and the merits of his motion to dismiss.