# IN THE COURT OF APPEALS OF IOWA

No. 14-0346
Filed September 23, 2015

**LARRY SMITH,**
　　　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　　　Respondent-Appellee.
_____

　　　　Appeal from the Iowa District Court for Lee (North) County, Michael J. Schilling, Judge.


　　　　Larry Smith appeals from the district court's denial of his application for postconviction relief. **AFFIRMED.**


　　　　Curtis Dial of Law Office of Curtis Dial, Keokuk, for appellant.

　　　　Thomas J. Miller, Attorney General, Heather R. Quick and William Hill, Assistant Attorneys General, and Michael Short, County Attorney, for appellee State.


　　　　Considered by Danilson, C.J., and Vaitheswaran and Doyle, JJ.

**DANILSON, Chief Judge.**

Larry Smith appeals from the district court's denial of his application for postconviction relief (PCR).  Smith maintains his application should have been granted because he received ineffective assistance from trial counsel.  Specifically, he argues counsel was ineffective for failing to call an expert witness to establish his defense of diminished capacity.  Smith also maintains PCR counsel was ineffective for the same reason.  Because we find Smith has failed to establish he suffered prejudice from either trial counsel's or PCR counsel's failure to call an expert, we affirm the district court's denial of his application.

**I. Background Facts and Proceedings.**

The underlying facts of the case are largely undisputed:

Smith was incarcerated at the Iowa State Penitentiary on July 8, 2004, when he struck correctional officer Steve Miller multiple times on the head and back with a mop handle.  The officer sustained injuries that required medical attention and caused him to miss several days of work.

Smith admitted his actions to multiple people.  The same day of the attack, he told correctional officer Tom Johnson he had attacked Miller because Miller "failed him"—disciplined him—that day.  Smith told Johnson he had intended to kill Miller.  The next day, Don Ashbrenner, a counselor at the prison, saw Smith while doing his rounds.  Smith told the counselor, "I just tried killing an officer." Smith then specifically named Steve Miller as the officer.

Investigator James Burton interviewed Smith on July 22, 2004.  During the interview, Smith stated he had been planning his attack for approximately two and a half years.  He indicated he had intended to use a wire cable from the

prison television system to strangle Miller. However, he decided not to use the cable because he worried it would implicate another inmate. He then decided to use the mop handle to attack Miller. He planned to leave the handle in an area where another inmate might pick it up and leave fingerprints in order to confuse the investigators.

On January 3, 2005, Smith was walking with correctional officer Todd Eaves when Smith started a conversation about the assault. Smith told Eaves he had been watching Officer Miller make his rounds and timed them so could he attack him from behind. He again stated his intention was to kill Miller.

Smith was charged with one count of attempted murder and one count of interference with official acts causing bodily injury. Smith filed a notice of diminished responsibility defense. He waived his right to a jury trial.

Following the bench trial, the district court found Smith guilty as charged. He was sentenced to a term of incarceration not to exceed thirty years.

Smith filed an appeal, which was ultimately dismissed on August 1, 2006. He filed the application for PCR on February 28, 2007. The district court denied his application on January 16, 2014.

Smith appeals.

**II. Standard of Review.**

Generally, an appeal from a denial of an application for PCR is reviewed for corrections of errors at law. *Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012). However, when an applicant asserts claims of a constitutional nature, our review is de novo. *Id.* Thus, we review claims of ineffective assistance of counsel de novo. *Id.*

**III. Discussion.**

Smith maintains he received ineffective assistance from both trial counsel and PCR counsel because each failed to obtain an expert witness to present his defense of diminished capacity in order to establish he did not have the specific intent for attempted murder.

To prevail on a claim of ineffective assistance of counsel, Smith must prove by a preponderance of the evidence (1) the attorney failed to perform an essential duty and (2) prejudice resulted from the failure. *See State v. Rodriguez*, 804 N.W.2d 844, 848 (Iowa 2011). As a matter of state law, a PCR applicant is also entitled to effective assistance of counsel. *See Dunbar v. State*, 515 N.W.2d 12, 14 (Iowa 1994) ("[O]nce counsel was appointed to represent him, [the applicant] had a right to the effective assistance of counsel."). The claim fails if either element is lacking. *See Everett v. State*, 789 N.W.2d 151, 159 (Iowa 2010).

Smith maintains "there is enough in the record to show that had an expert been retained it is likely that [he] would have had a valid diminished capacity defense." But Smith fails to refer us to places in the record supporting this assertion.[1]

Upon our own review of the record and appendix, Smith cannot establish he was prejudiced by either trial counsel's or PCR counsel's failure to call an

---

[1] Iowa Rule of Appellate Procedure 6.903(2)(g)(3) requires an appellant's brief to include, "An argument containing the appellant's contentions and the reasons for them with citations to the authorities relied on *and references to the pertinent parts of the record* in accordance with rule 6.904(4)." (Emphasis added.) "Courts should not be required to search the record to verify the facts and actions taken and are warranted in ignoring uncited contentions, especially in cases where the record is voluminous." *Tratchel v. Essex Grp., Inc.*, 452 N.W.2d 171, 174 (Iowa 1990) *overruled on other grounds by Comes v. Microsoft Corp.*, 775 N.W.2d 302 (Iowa 2009).

expert. "Diminished responsibility may be offered as a defense where an accused, because of a limited capacity to think, is unable to form a necessary criminal intent." *Anfinson v. State*, 758 N.W.2d 496, 502 (Iowa 2008). It "allows a defendant to negate the specific intent element of a crime by demonstrating due to some mental defect [he] did not have the capacity to form that specific intent." *Id.* Here, Smith told four people he attacked Miller with the intent to kill him. He explained to Investigator Burton that he had been planning an attack for over two years because Miller had withheld meals and generally mistreated him. Smith stated Miller's first priority had been to protect the inmate he was escorting and indicated he had anticipated this would give him more time to carry out his plan of attack. Additionally, Smith told correctional officer Eaves that he had watched and timed Miller's rounds so he could attack him from behind.

Because nothing in the record indicates Smith's diminished capacity defense would have been successful, Smith has not established he was prejudiced by either his trial counsel's or PCR counsel's failure to call an expert. We affirm the district court's denial of his application for PCR.

**AFFIRMED.**