## IN THE COURT OF APPEALS OF IOWA

No. 14-2167
Filed August 31, 2016

**ELVIN REDMOND,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Eliza J. Ovrom,
Judge.

Elvin Redmond appeals the trial court's denial of his application for
postconviction relief. **AFFIRMED.**

Jeffrey A. Wright of Carr & Wright, P.L.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant
Attorney General, for appellee State.

Considered by Potterfield, P.J., and Mullins and McDonald, JJ.

**POTTERFIELD, Presiding Judge.**

Elvin Redmond appeals from the district court's ruling denying his application for postconviction relief. He argues the district court erred in not finding his trial counsel constitutionally ineffective. Having considered Redmond's claim, we affirm the ruling of the district court.

## I. Background Facts and Proceedings

Elvin Redmond was arrested on October 4, 2009, for incidents occurring at his girlfriend's and her mother's apartment complex. At the time of his arrest, Redmond had a blood alcohol level of .137. Redmond asserted an intoxication defense but was convicted by a jury of eight crimes: assault with intent to inflict serious bodily injury, assault causing bodily injury, willful injury causing serious bodily injury, domestic abuse assault with intent to inflict serious injury, harassment in the second degree, operating while intoxicated, possession of a controlled substance (crack cocaine), and criminal mischief in the fifth degree. He was also charged as a habitual offender on the charge for willful injury causing serious bodily injury, and the prior felonies were proved at a subsequent bench trial. Redmond received a total sentence of twenty-one years and thirty days.

Following an unsuccessful direct appeal, Redmond filed an application for postconviction relief. Although his application raised five claims, he raises only one issue on appeal: ineffective assistance of counsel for trial counsel's failure to obtain or use a copy of the apartment complex's surveillance video. Redmond asserts that the surveillance video supports his intoxication defense and that he

notified defense counsel of the video's existence, but counsel failed to investigate the video or present it during his trial.

At the postconviction-relief proceeding, the trial court judge determined, after personally viewing the video, that the video did not support Redmond's intoxication defense but rather buttressed the State's case against him. The trial court ruled that trial counsel's failure to obtain the video and present it at trial did not prejudice Redmond and, as such, trial counsel was not constitutionally ineffective.

Redmond appeals.

## II. Standard of Review

Postconviction-relief proceedings are "actions at law and reviewed on error." *Osborn v. State*, 573 N.W.2d 917, 920 (Iowa 1998) (citation omitted). However, if the postconviction-relief proceeding has constitutional implications, "we make our own evaluation of the totality of the circumstances in a de novo review." *Id.* at 920. Thus, claims of ineffective assistance raised in postconviction-relief proceedings are reviewed de novo. *Id.*

## III. Discussion

Redmond argues that his trial counsel was ineffective for failing to examine or present to the jury a video surveillance recording of the assault and surrounding events from the apartment complex's surveillance camera. Redmond avers that the video would have reinforced his intoxication defense by showing that his level of intoxication prevented him from possessing the requisite mental states for the charged crimes.

To prevail on his claim that trial counsel was ineffective, it must be shown that the "attorney's performance fell outside a normal range of competency and that the deficient performance so prejudiced him as to give rise to the reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *Dunbar v. State*, 515 N.W.2d 12, 15 (Iowa 1994) (citation omitted). However, both elements need not always be addressed because failure to prove either element is fatal to the claim. *State v. Graves*, 668 N.W.2d 860, 869 (Iowa 2003). Thus, if the defendant cannot show the conduct resulted in prejudice, the ineffective-assistance claim can be decided on that ground alone without determining whether the attorney performed deficiently. *See Strickland v. Washington*, 466 U.S. 668, 697 (1984) (stating that there is no reason for a court considering an ineffective-assistance claim to consider both elements if the defendant cannot sufficiently show one element).

In this case, Redmond claims trial counsel's deficiency in not examining and presenting the video at trial prejudiced him. However, upon review of the video and its contents, there is nothing to support Redmond's claim he was so intoxicated that he lacked the required mental states for the crimes for which the jury convicted him. In fact, the video depicts Redmond aggressively and purposefully assaulting his girlfriend which supports the State's case. Therefore, there is no evidence that counsel's failure to investigate and present the video prejudiced Redmond such that the outcome of his trial would have been different.

Because Redmond has failed to establish the prejudice prong of the ineffective-assistance claim, we need not address the effectiveness element.

**IV. Conclusion**

Because Redmond failed to prove he was prejudiced by his counsel's failure to use the surveillance video, we affirm the district court's denial of his application for postconviction relief.

**AFFIRMED.**