# IN THE COURT OF APPEALS OF IOWA

No. 17-0318
Filed February 7, 2018

**DEANDRE D. GOODE,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Des Moines County, John G. Linn, Judge.

An applicant appeals the denial of his application for postconviction relief. **AFFIRMED.**

Trent A. Henkelvig of Henkelvig Law, Danville, for appellant.

Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee State.

Considered by Doyle, P.J., and Tabor and McDonald, JJ.

**MCDONALD, Judge.**

DeAndre Goode was convicted of robbery in the second degree, in violation of Iowa Code sections 711.1 and 711.3 (2011), for a crime that occurred November 24, 2012. This court affirmed the conviction on direct appeal. *See State v. Goode*, No. 13-1028, 2014 WL 3511816, at *1–3 (Iowa Ct. App. July 16, 2014). The facts and circumstances of the offense are set forth in our prior opinion and need not be repeated herein. This appeal arises out of the denial of Goode's application for postconviction relief.

In this appeal, Goode contends his postconviction counsel provided ineffective assistance in failing to sufficiently develop the record to prove Goode's claim that he had newly discovered evidence supporting his alibi defense. Goode raises his appellate claim under the federal and state constitutions and asks that this matter be remanded for further development of the record. We decline to do; Goode's claim is without merit. The constitutional right to counsel applies to the assistance of trial counsel and appellate counsel; there is no constitutional right to postconviction relief, postconviction counsel, or the effective assistance of postconviction counsel. *See Williams v. Pennsylvania*, 136 S. Ct. 1899, 1921 (2016) (Thomas, J., dissenting); *Montgomery v. Louisiana*, 136 S. Ct. 718, 746 (2016) (Thomas, J., dissenting) ("Because the Constitution does not require postconviction remedies, it certainly does not require postconviction courts to revisit every potential type of error."). While there is a statutory right to the effective assistance of postconviction counsel, *see Dunbar v. State*, 515 N.W.2d 12, 15 (Iowa 1994), no such claim is presented in this appeal.

**AFFIRMED.**