# IN THE COURT OF APPEALS OF IOWA

No. 19-0819
Filed October 7, 2020

**ANTAVIEON JACKSON,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Black Hawk County, George L.

Stigler, Judge.

Antavieon Jackson appeals the dismissal of his application for

postconviction relief. **AFFIRMED.**

Ronald W. Kepford, Winterset, until withdrawal, Anne K. Wilson of Viner

Law Firm, P.C., Cedar Rapids, until withdrawal, and Stuart G. Hoover of Blair &

Fitzsimmons, P.C., Dubuque, for appellant.

Thomas J. Miller, Attorney General, and Zachary Miller, Assistant Attorney

General, for appellee State.

Considered by Vaitheswaran, P.J., and Tabor and Schumacher, JJ.

**TABOR, Judge.**

A jury convicted Antavieon Jackson of sexual abuse in the third degree. Our court affirmed his conviction on direct appeal. *State v. Jackson*, No. 17-0288, 2018 WL 1099527, at *1 (Iowa Ct. App. Feb. 21, 2018). A few months later, Jackson applied for postconviction relief (PCR). The hearing on his PCR application grew ugly. The district court quizzed Jackson on the merits of his allegations about "the victim's background." Appearing telephonically, Jackson responded with profanity:

> What are you trying to do, dog? Like you steady asking me dumbass shit like for what?

The court hung up on Jackson, blaming "his use of language." The court ultimately dismissed Jackson's PCR application.

Jackson now appeals. He claims the district court violated his procedural due process and statutory rights by "arbitrarily terminating his participation in the hearing." But Jackson did not raise either the constitutional or statutory claim to the court, so he did not preserve error. *See Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal." (citation omitted)); *see also State v. Bynum*, 937 N.W.2d 319, 324 (Iowa 2020) (noting the error-preservation requirement "applies with equal force to constitutional issues").

Because his attorney did not object to the court disconnecting the call, Jackson also alleges that PCR "counsel was ineffective by failing to take his deposition and in failing to object to the court's termination of the telephone

conference." Jackson offers no substantive argument or citations to legal authority to support his ineffective-assistance claim. It is not our role to formulate an argument on Jackson's behalf. *See Hyler v. Garner*, 548 N.W.2d 864, 876 (Iowa 1996) ("[W]e will not speculate on the arguments [a party] might have made and then search for legal authority and comb the record for facts to support such arguments."). Rather, we must decide whether Jackson has established his claim of ineffective assistance of PCR counsel.[1]

That claim has two components. First, Jackson must prove his PCR counsel's performance was deficient. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Second, Jackson must show his counsel's deficient performance prejudiced his case. *See id.* "When complaining about the adequacy of an attorney's representation, it is not enough to simply claim that counsel should have done a better job." *Dunbar v. State*, 515 N.W.2d 12, 15 (Iowa 1994). Jackson "must state the specific ways in which counsel's performance was inadequate and identify how competent representation probably would have changed the outcome." *See id.*

Jackson does not meet the *Dunbar* standard. He does not propose how his further participation in the PCR hearing or the submission of his deposition "would have affected the result obtained" in the PCR action or at the criminal trial. *See id.*

---

[1] We generally review the denial of PCR for correction of errors at law. *Goode v. State*, 920 N.W.2d 520, 523 (Iowa 2018). But when the applicant alleges ineffective assistance of PCR counsel, we engage in a de novo review. *Id.*

With no suggestion of prejudice, any omission by PCR counsel affords no basis for relief. We affirm the dismissal of Jackson's PCR application.

**AFFIRMED.**