# IN THE COURT OF APPEALS OF IOWA

No. 19-1930
Filed August 18, 2021

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**RONALD MICHAEL VANSICKLE,**
　　　　Defendant-Appellant.
_____

Appeal from the Iowa District Court for Warren County, William A. Price, District Associate Judge.

Ronald Vansickle appeals his conviction, following a guilty plea, of driving while barred as a habitual offender. **APPEAL DISMISSED.**

Patrick W. O'Bryan, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., Greer, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2021).

**SCOTT, Senior Judge.**

Ronald Vansickle appeals his conviction, following a guilty plea, of driving while barred as a habitual offender. He argues his plea is invalid as not being entered knowingly, voluntarily, and intelligently because he received ineffective assistance of counsel.

Judgment and sentence were entered in November 2019. Vansickle acknowledges, effective July 1, 2019, Iowa Code section 814.6(1)(a)(3) (Supp. 2019), with exceptions, including establishment of good cause, prohibits a right of appeal when a defendant pleads guilty and section 814.7 prohibits us from considering claims of ineffective assistance of counsel on direct appeal. *See* 2019 Iowa Acts ch. 140, §§ 29, 31. He also appears to acknowledge the amended versions of the statute control because judgment and sentence were entered after the amendments' effective date. *See State v. Macke*, 933 N.W.2d 226, 228 (Iowa 2019).

Pursuant to section 814.6(1)(a)(3), Vansickle submits he has good cause to appeal because he received ineffective assistance of counsel in relation to his plea because he did not understand the plea offer, did not know of the possibility of being sent to prison, and felt pressured to plead guilty.

Based on Vansickle's limited argument, we are unable to find good cause because his conclusory and un-substantive ineffective-assistance claim is insufficient to facilitate our review, as he offers no direction on how competent representation would have changed the outcome. *See Dunbar v. State*, 515 N.W.2d 12, 15 (Iowa 1996). And while Vansickle offers a passive suggestion that the new limits on a right to appeal do "not comport with due process and equal

protection guarantees," he offers no reason why, so we deem any constitutional argument waived.  *See* Iowa R. App. P. 6.903(2)(g)(3).  Lastly, he offers no reason why, not considering section 814.6, we would be able to disregard the section 814.7 prohibition against this court considering ineffective-assistance claims on direct appeal.

We dismiss the appeal.

**APPEAL DISMISSED.**