# IN THE COURT OF APPEALS OF IOWA

No. 20-0508
Filed October 20, 2021

**IN THE INTEREST OF THE CONSERVATORSHIP OF DILLON W. VIERKANT,**

**DILLON W. VIERKANT,**
Appellant.

_____

Appeal from the Iowa District Court for Franklin County, Rustin Davenport,

Judge.

A ward appeals the imposition of a conservatorship. **AFFIRMED.**

Allan M. Richards, Tama, for appellant

John L. Duffy of Laird Law Firm, P.L.C., Mason City, for appellee.

Considered by Mullins, P.J., and May and Ahlers, JJ.

**MAY, Judge.**

Dillon Vierkant appeals the establishment of a conservatorship. On appeal, Dillon claims (1) the court failed to comply with Iowa Code section 633.563(1) (2020); (2) he received ineffective assistance of counsel; and (3) his father, William, should not have been appointed as his conservator. We affirm.

We review an action establishing a conservatorship for legal error. *See* Iowa Code § 633.33; *see also Merrill v. Valley View Swine, LLC*, 941 N.W.2d 10, 15 (Iowa 2020) (noting appellate review of statutory interpretation is for corrections of error at law). "Because our review is for errors at law, we affirm only if there is substantial evidence to support the district court's findings." *In re Conservatorship of Leonard*, 563 N.W.2d 193, 195 (Iowa 1997). "Evidence is substantial if a reasonable person 'would accept it as adequate to reach the same findings.'" *In re Guardianship of B.Z.*, No. 19-1761, 2020 WL 4499037, at *3 (Iowa Ct. App. Aug. 5, 2020) (citations omitted).

First, Dillon claims the court erred by not ordering the "professional evaluation" that Iowa Code section 633.563(1) sometimes requires. Section 633.563(1) provides:

> At or before a hearing on petition for the appointment of a guardian or conservator or the modification or termination of a guardianship or conservatorship, the court shall order a professional evaluation of the respondent *unless* one of the following criteria are met:
> a. *The court finds it has sufficient information to determine whether the criteria for a guardianship or conservatorship are met.*
> b. The petitioner or respondent has filed a professional evaluation.

(Emphasis added.)

Here, the court found "[a] court-ordered professional evaluation is not required because the court has sufficient information to determine whether the criteria for a conservatorship has been met." In other words, the court found the exception in section 633.563(1)(a) applies.

To decide whether this finding was correct, we look to section 633.553, which contains the criteria for establishing a conservatorship. Section 633.553 authorizes appointment of

> a conservator for an adult if the court finds by clear and convincing evidence that both of the following are true:
>     a. The decision-making capacity of the respondent is so impaired that the respondent is unable to make, communicate, or carry out important decisions concerning the respondent's financial affairs.
>     b. The appointment of a conservator is in the best interest of the respondent.

The probate court found both of these criteria were met. *See* Iowa Code § 633.563(1)(a), (b). And we conclude those findings are supported by substantial evidence, including evidence of Dillon's failure and refusal to harvest his crops; Dillon's threat "to shoot or harm anybody that . . . harvests his crops on his land even with the proceeds going to him"; Dillon's commitment for a mental-health impairment; Dillon's history of substance abuse; Dillon's involvement with the criminal justice system after trying "break down the door" of William's house and using a backhoe to destroy William's landscaping; and Dillon's threat to kill William, William's wife, and the sheriff. Given this record, it was not necessary for the court to order a professional evaluation of Dillon before ordering a conservatorship. *See id.*

Next, Dillon claims he received ineffective assistance of counsel. *Cf. In re Guardianship of Fagen*, No. 17-0785, 2017 WL 5185449, at *1 (Iowa Ct. App. Nov. 8, 2017) (recognizing a proposed ward is entitled to representation in guardianship and conservatorship proceedings); *In re Guardianship of B.K.*, No. 03-0865, 2004 WL 792755, at *5 (Iowa Ct. App. Apr. 14, 2004) (recognizing a claim of ineffective assistance of counsel in a guardianship proceeding). An ineffective-assistance-of-counsel claim is established when counsel fails to perform an essential duty and that failure results in constitutional prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Because of the prejudice requirement, "even if . . . counsel made a professionally unreasonable error, the judgment shall not be set aside unless it can be shown the error had an effect on the judgment." *Lamasters v. State*, 821 N.W.2d 856, 866 (Iowa 2012). So "[i]f the claim lacks prejudice, it can be decided on that ground alone without deciding whether the attorney performed deficiently." *Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001). Here, Dillon does not specify how he believes he was prejudiced by his counsel's performance or, in other words, how counsel's performance impacted the outcome of the proceeding. So his claim fails on the prejudice prong. *See Dunbar v. State*, 515 N.W.2d 12, 15 (Iowa 1994) (noting claimant "must state the specific ways in which counsel's performance was inadequate and identify how competent representation probably would have changed the outcome").

Finally, Dillon argues William should not have been appointed his conservator because William had a conflict of interest as guarantor of several of Dillon's loans and due to Dillon's hostility toward William. We disagree.

Certainly, "[i]t is the role of the court and the conservator to protect the ward." *In re Guardianship of Radda*, 955 N.W.2d 203, 214 (Iowa 2021). The conservator serves as a fiduciary to the ward. *Id.* So Dillon argues William cannot serve as his conservator because William guarantees Dillon's loans and, therefore, William would benefit from proper management of Dillon's financial affairs. We disagree. Although William benefits from Dillon's financial success, that doesn't mean William cannot or would not protect Dillon's financial interests. If anything, the opposite would seem more likely. In any event, William served as Dillon's conservator under a temporary order and acted in Dillon's best interest, staving off financial ruin. So we do not think William's financial ties create a disqualifying conflict of interest. Likewise, Dillon's hostility toward William has not impeded William's ability to handle Dillon's financial matters in an appropriate manner. So Dillon's hostility does not create a disqualifying conflict either.

All things considered, we find no error in the court's appointment of William as Dillon's conservator. We affirm.

**AFFIRMED.**