# IN THE COURT OF APPEALS OF IOWA

No. 21-0663
Filed November 17, 2022

**JONATHAN RODRIGUEZ LEYVA,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.

_____

    Appeal from the Iowa District Court for Polk County, Celene Gogerty, Judge.


    The applicant appeals the denial of his application for postconviction relief.

**AFFIRMED.**


    Thomas A. Hurd of the Law Office of Thomas Hurd, PLC, Des Moines, for appellant.

    Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee.


    Considered by Vaitheswaran, P.J., and Greer and Schumacher, JJ.

**GREER, Judge.**

Jonathan Rodriguez Leyva[1] appeals the denial of his PCR application relating to his 2016 convictions for homicide by vehicle,[2] leaving the scene of an accident resulting in death, two counts of leaving the scene of a personal injury accident, and operating a motor vehicle while barred. Rodriguez Leyva generally re-raises issues he brought in his PCR application to the district court, claiming trial counsel provided ineffective assistance by failing to (1) challenge the search warrant under Iowa Code section 321J.10 (2015); (2) better prepare him for allocution at sentencing; and (3) obtain an expert in retrograde extrapolation.

**I. Background Facts and Proceedings.**

> Shortly after 10:00 a.m. on August 16, 2015, a vehicle driving west on Grand Avenue near 51st Street in Des Moines struck a group of bicyclers riding in the same direction, causing several injuries to the riders and fatally injuring one rider. The driver of the vehicle did not stop to assist the injured riders and continued driving west on Grand Avenue. Other nearby bicyclists observed the collision and identified the vehicle as a white Chevrolet Equinox SUV. One witness took note of the license plate number on the vehicle, which he reported to law enforcement officials.
>
> Based on the license plate information, law enforcement officers determined the vehicle belonged to [Rodriguez Leyva's] girlfriend, Adriana Cortes, and went to the couples' home to question Cortes and [Rodriguez Leyva]. After speaking with Cortes, the officers determined [Rodriguez Leyva] was the last person to drive the vehicle. The officers detained [him] and transported him to the police station for further questioning. While there, [Rodriguez Leyva] failed the administered standard field sobriety tests. [Rodriguez Leyva] refused a preliminary breath test. An officer then placed [him]

---

[1] In the underlying criminal matter and on direct appeal, the caption referred to the defendant as Jonathan Leyva Rodriguez; in the postconviction-relief (PCR) action, he is named Jonathan Rodriguez Leyva. We use the name we were provided in this PCR action.

[2] The jury also found Rodriguez Leyva guilty of operating a motor vehicle while under the influence of alcohol or drug, second offense, which the district court concluded merged with homicide by vehicle.

under arrest. . . .[3]  The officers then transported [Rodriguez Leyva] to a local hospital and obtained a search warrant for a body specimen, which showed a BAC of .192.

*State v. Rodriguez*, No. 16-1159, 2017 WL 3524774, at *1 (Iowa Ct. App. Aug. 16, 2017).

Rodriguez Leyva was charged with and found guilty of six charges, including homicide by vehicle.  Finding one of the charges merged with another, the court ordered Rodriguez Leyva to serve the sentences on the remaining five counts consecutively for a total of thirty-four years imprisonment, with a 70% mandatory minimum on the twenty-five-year sentence for homicide by vehicle.

Rodriguez Leyva challenged his convictions and sentences with a direct appeal.  In that appeal, he claimed there was insufficient evidence to support his convictions and that his trial counsel provided ineffective assistance by failing to object to the questioning of an officer at trial regarding the ultimate issue of the case and portions of victim impact statements requesting that maximum sentences be imposed.  A panel of this court affirmed.  *See id.* at *3.  Procedendo issued on December 12, 2017.

Rodriguez Leyva timely filed his PCR application in January 2019.  In a later application, amended with the assistance of counsel, Rodriguez Leyva claimed trial counsel provided ineffective assistance by failing to challenge the search warrant under section 321J.10: "Specifically, there should have been a challenge to the reasonable grounds to believe that Applicant was 'one or more of the persons whose driving may have been the proximate cause of the accident was

---

[3] As both parties point out, our 2017 ruling contained a misstatement of fact, which we have removed from this opinion.

violating section 321J.2 at the time of the accident.' *See* Iowa Code section 321J.10(1)(b)." He also raised the issues of whether counsel had a duty to better prepare him for allocution at sentencing, when he read a prepared statement, and to obtain an expert in retrograde extrapolation.[4]

The parties agreed to submit the matter to the district court based on a number of exhibits, which included deposition testimony from Rodriguez Leyva's trial attorney and appellate attorney. After each party filed a proposed ruling, the district court denied Rodriguez Leyva's application.

He appeals.

## II. Standard of Review.

"We generally review a district court's denial of an application for [PCR] for errors at law." *Sothman v. State*, 967 N.W.2d 512, 522 (Iowa 2021) (citation omitted). "However, a PCR application alleging ineffective assistance of counsel raises a constitutional claim, and we review [PCR] proceedings that raise constitutional infirmities de novo." *Id.* (altered for readability) (citations omitted).

## III. Discussion.

Rodriguez Leyva argues trial counsel provided ineffective assistance in a number of ways.

> To prevail on a claim of ineffective assistance of counsel, the applicant must demonstrate both ineffective assistance and prejudice. Both elements must be prove[d] by a preponderance of the evidence. However, both elements do not always need to be addressed. If the claim lacks prejudice, it can be decided on that ground alone without deciding whether the attorney performed deficiently.

*Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001) (internal citations omitted).

---

[4] Rodriguez Leyva also raised a fourth issue, which he has not re-raised on appeal.

**A. Suppression.**

Officer Michael Dixon called the court and verbally requested a warrant to retrieve a blood specimen from Rodriguez Leyva on August 16, 2015; the court granted the warrant. Testing done on the blood specimen showed a blood alcohol content (BAC) of .192. Rodriguez Leyva's trial counsel moved to suppress the evidence under Iowa Code section 808.3,[5] arguing "[n]owhere in the application by phone did the issuing judge request or record any address of the sworn person." After a hearing, the district court denied the motion, concluding

> the record indicates the search warrant was based on sworn oral testimony communicated by telephone and granted pursuant to the specialized warrant requirement of Iowa Code section 321J.10 rather than the general warrant requirement of section 808.3. Section 321J.10 provides a basis for the issuance of a search warrant distinct from section 808.3. If issued under section 321J.10(3), a search warrant must meet delineated standards distinct from those required under section 808.3. As section 321J.10 does not require that the magistrate endorse the name and address of the individuals providing the relied-upon testimony, the search warrant in this case was not invalid for the reasons cited in [Rodriguez Leyva's] motion to suppress.

In his PCR application, Rodriguez Leyva asserted trial counsel provided ineffective assistance by bringing the motion to suppress under section 808.3

---

[5] Section 808.3 states:

> 1. A person may make application for the issuance of a search warrant by submitting before a magistrate a written application, supported by the person's oath or affirmation, which includes facts, information, and circumstances tending to establish sufficient grounds for granting the application, and probable cause for believing that the grounds exist. . . .
> 2. If the magistrate issues the search warrant, the magistrate shall endorse on the application the name and address of all persons upon whose sworn testimony the magistrate relied to issue the warrant together with the abstract of each witness' testimony, or the witness' affidavit. . . .

when the search warrant was issued under section 321J.10. Section 321J.10(1) provides:

> 1. Refusal to consent to a test under section 321J.6 does not prohibit the withdrawal of a specimen for chemical testing pursuant to a search warrant issued in the investigation of a suspected violation of section 707.5 or 707.6A if all of the following grounds exist:
> a. A traffic accident has resulted in a death or personal injury reasonably likely to cause death.
> b. There are reasonable grounds to believe that one or more of the persons whose driving may have been the proximate cause of the accident was violating section 321J.2 at the time of the accident.

In both his PCR application and proposed ruling, Rodriguez Leyva focused on section 321J.10(1)(b), suggesting the issuing court did not have reasonable grounds to believe he was driving the SUV who struck the bicyclists. The district court found this claim was meritless.

On appeal, Rodriguez Leyva changes tack, arguing trial counsel was ineffective for failing to challenge the warrant under section 321J.10(1)(a). He maintains,

> Trial [c]ounsel failed to challenge that the oral warrant application lacked sufficient indicia of reliability under Iowa Code 321J.10(1)(a) because the warrant application failed to contain any personal observations of either Officer Dixon, Lieutenant Siebert, or any unnamed witness upon whom Lieutenant Siebert relied as to the reasonable likelihood the injury would cause death. Additionally, the warrant application failed to relay any basis the same person was qualified to opine regarding the reasonable likelihood the injuries involved would cause death, either through personal observation of the injuries directly, through professional training, or experience.

Because this is a different claim than he raised to the PCR court, Rodriguez Leyva never got a ruling on this issue. It is not preserved for our review. *See Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the

district court before we will decide them on appeal." (citation omitted)). And he does not claim PCR counsel provided ineffective assistance for how he presented the issue to the district court. *See Harryman v. State*, No. 14-1334, 2015 WL 4935640, at *5 (Iowa Ct. App. Aug. 19, 2015) (recognizing an applicant may raise an ineffective-assistance-of-PCR-counsel claim on appeal from the denial of a PCR application to bypass error preservation). So we do not reach the merits of this issue.

### B. Allocution.

At sentencing, Rodriguez Leyva read a statement he prepared beforehand. He said:

> Your Honor, I'm very sorry for my actions that caused somebody to pass away. Accidents happen every day, and sometimes we don't know what happened. I have been a victim of addiction, and have been struggling with it most of my life.
>
> I'm sincere in what I say, and it's the truth, concerning my circumstances. For a short moment I fell asleep and did not know what happened until I was arrested by the police.
>
> I am a good person and have participated in a lot of good things in the community and church events. If I only knew, I would have helped at that moment. I called the media because I found out the details then, and also I did not have a lawyer at the time, but I felt really bad and wanted to let the community and everybody know that I was sorry.
>
> My family, and everybody, all I can offer is my apology and ask them to please forgive me and don't condemn me. And it's been very difficult for me, too.
>
> I've been praying a lot and ask for mercy and compassion. And I ask that my sentences run concurrent with each other at the beginning of my sentence. I would like to get back into society and to my family as soon as possible to support my family. Please give me the chance to show you that I can be a productive member of the community and able to maintain a respectful relationship with society. Thank you very much, Your Honor.

Rodriguez Leyva claims trial counsel breached an essential duty in not better preparing him for allocution at sentencing. He maintains he was prejudiced

because the court chose to run each of his sentences consecutively to the others. In linking his own statement at allocution to the sentence he received, Rodriguez Leyva relies on testimony elicited from his appellate attorney, who testified the statement made at allocution "was not helpful to [Rodriguez Leyva's] case" and "whatever point or purpose they were trying to make wasn't made properly." But even assuming the statement negatively impacted the sentence imposed by the district court, according to Rodriguez Leyva's PCR testimony, trial counsel reviewed Rodriguez Leyva's prepared statement and advised against it. It was Rodriguez Leyva who was "very insistent" on reading that statement to the court and, of course, who ultimately did so. *See Pizarro v. State*, No. 18-0223, 2019 WL 1294790, at *3 (Iowa Ct. App. Mar. 20, 2019) (noting it is ultimately the defendant who has to personally exercise the right of allocution). We cannot find counsel breached a duty under these facts. This claim fails.

### C. Expert.

Rodriguez Leyva argues trial counsel breached a duty in failing to obtain an expert in retrograde extrapolation; he broadly claims "[a]n expert could have only helped him and could also have really helped if [Rodriguez Leyva's] alcohol consumption occurred after the time of the accident." But he points to nothing in the record before us that suggests Rodriguez Leyva did consume alcohol after striking the bicyclists with his vehicle.

The State put forth evidence that Rodriguez Leyva's BAC was .192—more than twice the legal limit—when his blood was drawn a few hours after the incident. And the State's witness, criminalist Justin Grodinsky, who has a Ph.D. in physiology and toxicology, opined that based on his retrograde extrapolation,

Rodriguez Leyva's BAC would have been "anywhere between .232 and .292" at the time of the accident. Rodriguez Leyva still has not shown that an expert exists who would offer any opinions or testimony to contradict the State's evidence. *See State v. Graves*, 668 N.W.2d 860, 881 (Iowa 2003) ("Trial counsel has no duty to raise an issue that has no merit."). He has not established his claim of ineffective assistance. *See Dunbar v. State*, 515 N.W.2d 12, 15 (Iowa 1994) ("When complaining about the adequacy of an attorney's representation, it is not enough to simply claim that counsel should have done a better job.").

**IV. Conclusion.**

Rodriguez Leyva's claim about trial counsel's failure to move for suppression under section 321J.10(1)(a) is not preserved for our review. He has not established his other two claims of ineffective assistance. We affirm the district court's denial of his PCR application.

**AFFIRMED.**