# IN THE COURT OF APPEALS OF IOWA

---

No. 24-1589
Filed February 25, 2026

---

**Bobby Ray Washington,**
Applicant–Appellant,

v.

**State of Iowa,**
Respondent–Appellee.

---

Appeal from the Iowa District Court for Polk County,
The Honorable Scott D. Rosenberg, Judge.

---

**AFFIRMED**

---

Karmen Anderson, Des Moines, attorney for appellant.

Brenna Bird, Attorney General, and Nicholas E. Siefert, Assistant Attorney
General, attorneys for appellee.

---

Considered without oral argument
by Schumacher, P.J., and Badding and Langholz, JJ.
Opinion by Badding, J.

1

**BADDING, Judge.**

As part of a global plea deal encompassing criminal charges in eight cases, Bobby Washington thought that he would receive a suspended sentence with probation. Instead, the district court sentenced him to prison.

Washington applied for postconviction relief in two of his cases: FECR320578 and FECR359644. After a hearing in May 2024, the court denied Washington relief. Washington appeals. Because Washington's claims on appeal involve constitutional challenges, our review is de novo. *Sothman v. State*, 967 N.W.2d 512, 522 (Iowa 2021).

\*\*\*

In FECR320578, Washington pleaded guilty to second-degree theft in March 2019. He received a suspended prison sentence with probation, which he violated in 2020 and again in 2022. Two of the violations in 2022 were from new charges that Washington picked up in February and May. Washington also missed a sentencing hearing in March and was charged with a felony failure to appear in FECR359644.

To resolve these and other cases, Washington stipulated to the probation violations in FECR320578 and pleaded guilty to the failure-to-appear charge in FECR359644. The parties jointly recommended suspended sentences and probation in all of Washington's cases. The written guilty plea notified Washington that the district court was "not bound by the plea agreement and may give [him] the maximum sentence allowed by law." Washington waived his right to a delay between his pleas and sentencing, along with his right to be present for those hearings. The court rejected the parties' plea agreement and sentenced Washington to prison in July 2022.

2

A few days later, Washington filed a pro se motion in arrest of judgment in the failure-to-appear case, asserting: "I was to get probation on the charges not prison and that is what my attorney said to me." The district court refused to consider that motion—and others filed by Washington himself—because he was still represented by attorney Jeremy Feitelson.

In December 2022, Feitelson withdrew from Washington's cases. Soon after Feitelson's withdrawal, Washington applied for postconviction relief. An amended application alleged that Feitelson was ineffective in both cases for, among other things, failing to file "post-sentencing motions." Washington also alleged that he was actually innocent of the failure-to-appear charge in FECR359644 because he "was ill with COVID 19" when he missed the sentencing hearing.

The district court denied these claims, confining Washington's ineffective-assistance claim to the probation revocation proceedings in FECR320758. On that claim, the court found "no specific post-judgment motions have been identified by Washington that would have been appropriate and would have changed the outcome of the probation revocation hearing." As for the actual-innocence claim in FECR359644, the court found that "[o]ther than his own testimony, Washington provided no proof in support of his claim."

\*\*\*

On appeal, Washington asserts the district court erred in failing to find his counsel ineffective for not filing "post-judgment motions on his behalf." Washington's arguments in support of that claim all relate to the failure-to-appear charge in FECR359644. But the court only addressed the ineffective-assistance claim as it related to the probation revocation proceedings in

3

FECR320758. "It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal." *Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012) (citation omitted). Although Washington could have preserved error by asking the court to expand its ruling to the other case, he failed to do so. *See id.* ("When a district court fails to rule on an issue properly raised by a party, the party who raised the issue must file a motion requesting a ruling in order to preserve error for appeal." (citation omitted)). We accordingly agree with the State that because the court did not rule "on the same issue now raised on appeal, error was not preserved."

Even if Washington had preserved error, we would find that he did not meet his burden to prove counsel was ineffective. *See Smith v. State*, 7 N.W.3d 723, 726 (Iowa 2024) (noting that to establish an ineffective-assistance claim, the defendant must prove "both that counsel breached an essential duty and that constitutional prejudice resulted"). Washington failed—both in the district court proceedings and on appeal—to identify what "post-judgment motions" counsel should have filed on his behalf or to explain how those unidentified motions would have changed the outcome of the proceedings. "When complaining about the adequacy of an attorney's representation, it is not enough to simply claim that counsel should have done a better job." *Dunbar v. State*, 515 N.W.2d 12, 15 (Iowa 1994). Instead, the postconviction relief applicant "must state the specific ways in which counsel's performance was inadequate and identify how competent representation would have changed the outcome." *Id.* Because Washington failed to do so, we affirm the district court's denial of his ineffective-assistance claim.

Washington also failed to prove his claim of actual innocence. To succeed with that claim, Washington needed to prove "by clear and

convincing evidence that, despite the evidence of guilt supporting the conviction, no reasonable fact finder could convict the applicant of the crimes for which the sentencing court found the applicant guilty in light of all the evidence." *Schmidt v. State*, 909 N.W.2d 778, 797 (Iowa 2018).

In contending that he met this high burden, Washington relies on his testimony at the postconviction relief hearing that the failure to appear was "due to COVID illness and that he contacted the Clerk of Court to inform them of his illness." He argues that because the district court did not expressly find his testimony unreliable, "the court should have given it significant weight." We disagree. While the court may not have expressly found Washington was not credible, it was certainly implied from its reasoning that "Feitelson was unaware of the defense Washington now asserts at the time of his guilty plea to the [failure-to-appear] charge. It would be highly unlikely that counsel would have ignored any such defense claim." Giving weight to that implied credibility finding, *Sothman*, 967 N.W.2d at 522, we reach the same conclusion on our de novo review of the record.

\*\*\*

For these reasons, we affirm the district court's ruling denying Washington postconviction relief.

**AFFIRMED.**