# IN THE COURT OF APPEALS OF IOWA

No. 19-1175
Filed August 19, 2020

**JACKIE B. TAYLOR,**
     Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
     Respondent-Appellee.
_____

Appeal from the Iowa District Court for Pottawattamie County, Gregory W. Steensland, Judge.

The applicant appeals the denial of his application for postconviction relief. **AFFIRMED.**

Jesse A. Macro, Jr. of Macro & Kozlowski, LLP, West Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee State.

Considered by Tabor, P.J., and May and Greer, JJ.

**GREER, Judge.**

Jackie Taylor appeals from the denial of his application for postconviction relief (PCR). A jury convicted Taylor of six counts of sexual abuse in the third degree and three counts of lascivious conduct with a minor in 2017. He filed a direct appeal of his convictions, and our court affirmed them in *State v. Taylor*, No. 17-0184, 2018 WL 739296 (Iowa Ct. App. Feb. 7, 2018).

In his application for PCR, Taylor alleged he received ineffective assistance from trial counsel in several respects. To bolster his claim, after deposing Taylor's trial counsel, Taylor offered the transcript of that deposition as an exhibit at the PCR hearing. With the parties' agreement, the court reviewed only the written arguments, the underlying case files, and the admitted exhibits;[1] no witnesses were called, and Taylor did not testify.

The district court denied Taylor's PCR application as a whole, finding Taylor failed to establish breach of duty, resulting prejudice, or both for each of his claims of ineffective assistance.[2] Now on appeal, Taylor claims PCR counsel breached an essential duty by not calling him to testify at the PCR hearing. He concludes, generally, that he was prejudiced by counsel's failure to call him to testify because "the district court cited lack of evidence and not having [his] testimony as reasons his claims were denied."

---

[1] The PCR ruling contains this information, and we take it to be true. We have no transcript of the hearing—possibly it was unreported, although the court's ruling states otherwise—so we cannot independently confirm this. But neither the State nor Taylor contests the court's statement.

[2] To establish his claims of ineffective assistance, Taylor had the burden to establish both that counsel breached an essential duty and prejudice resulted. *See Lado v. State*, 804 N.W.2d 248, 251 (Iowa 2011).

Still, Taylor makes general assertions the PCR counsel should have done something differently. To succeed, it takes more than saying he should have been called to testify where nothing in the record before us establishes what Taylor would have testified to if he had been called to testify. *See Dunbar v. State*, 515 N.W.2d 12, 15 (Iowa 1994) ("When complaining about the adequacy of an attorney's representation, it is not enough to simply claim that counsel should have done a better job. The applicant must state the specific ways in which counsel's performance was inadequate and identify how competent representation probably would have changed the outcome." (citation omitted)). And the PCR court did not find Taylor's claims failed because Taylor failed to speak to them, it determined Taylor's claims failed because of lack of evidence to support them—whether Taylor's testimony could have been the necessary evidence is still unseen.

It is difficult to know from this record if Taylor acquiesced in the decision he would not be called to testify. The court's written ruling states, "An on-the-record hearing[3] was held on May 17, 2019, with Taylor participating telephonically. . . . By agreement of the parties, this matter is submitted based on those criminal files [the court took judicial notice of], the above exhibits, and written briefs." And "[a] party will not be permitted to complain of error with respect to the admission or exclusion of evidence where his contention on appeal is inconsistent with that

---

[3] Despite the court's statement, it is unclear to us whether this hearing took place on the record. There is no court reporter memorandum in the record, which suggests it was not reported. *See* Iowa R. Civ. P. 1.903(3) (requiring court reporters to file a memorandum "[p]romptly after reporting a proceeding" that includes information, such as what type of proceeding was reported, the dates of the proceeding, the presiding judge, and more).

taken below or where he himself has acquiesced in, committed, or invited the error." *State v. Hammer*, 66 N.W.2d 490, 399 (Iowa 1954) (citation omitted).

Without the benefit of his testimony, Taylor asks us to remand for further proceedings, arguing the present record is not adequate to address his claim. Given this record on appeal, the claim against PCR counsel must be raised in a separate application for postconviction relief. *See Goode v. State*, 920 N.W.2d 520, 527 (Iowa 2018).

We affirm the district court's denial of Taylor's application for PCR and preserve for a successive PCR application on his claim of ineffective assistance against PCR counsel.

**AFFIRMED.**