# IN THE COURT OF APPEALS OF IOWA

No. 19-1531
Filed June 30, 2021

**PHILIP STACY,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

Appeal from the Iowa District Court for Sioux County, Tod Deck, Judge.


Philip Stacy appeals the dismissal of his application for postconviction relief.

**AFFIRMED.**


Jamie Hunter of Dickey, Campbell & Sahag Law Firm, PLC, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant Attorney General, for appellee State.


Considered by Mullins, P.J., Greer, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2021).

**SCOTT, Senior Judge.**

In August 2013, sentence was imposed upon Philip Stacy's convictions of second-degree sexual abuse and lascivious acts with a child. No appeal was taken. Stacy filed his first application for postconviction relief (PCR) about a year later. In June 2016, following trial on the application, the district court rejected Stacy's claims of ineffective assistance of trial counsel—that counsel was ineffective in advising him about the plea agreement and consequences of his pleas, failing to investigate the case or prepare a defense, not seeking suppression of cell phone evidence, and not ensuring he was competent to plead guilty knowingly and intelligently or proceed to trial—and dismissed the application. We affirmed on appeal, rejecting Stacy's claims his trial counsel was ineffective, as well as his claims PCR counsel was ineffective for failing to challenge the factual basis for second-degree sexual abuse and insist the court personally inform him of the maximum and minimum sentences. *See generally Stacy v. State*, No. 16-1190, 2017 WL 4049423 (Iowa Ct. App. Sept. 13, 2017). Procedendo issued in November 2017.

Our supreme court decided *Allison v. State* in late June 2018.[1] Stacy filed his second application in mid-September, in which he argued his first PCR counsel

---

[1] *See* 914 N.W.2d 866, 891 (Iowa 2018) (holding that where a timely application is filed within the statute of limitations alleging ineffective assistance of trial counsel, the filing of a successive application that alleges ineffective assistance of PCR counsel in presenting the ineffective-assistance-of-trial-counsel claim, the filing of the second application relates back to the time of the filing of the original application so long as the successive application is filed promptly after the conclusion of the original action); *see also* Iowa Code § 822.3 (2015) (noting "applications must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued").

rendered ineffective assistance in failing to properly raise claims of ineffective assistance of trial counsel in the first PCR proceeding. Specifically, he claimed his PCR attorney was ineffective in not effectively raising claims trial counsel was ineffective in not seeking suppression of cell phone evidence, investigating the basis for the guilty pleas, and exploring whether he was capable of pleading guilty. He also forwarded a purported claim of actual innocence under *Schmidt v. State*, 909 N.W.2d 778 (Iowa 2018). In its answer, the State argued the application was subject to summary disposition or procedurally barred. Pursuant to Iowa Code section 822.6(2) (2018), the court entered an order noting its intention to dismiss the application and providing the reasons for dismissal. The court noted the actual-innocence claim was not supported by any relevant evidence that was not available within the three-year limitations period. The court found Stacy's claims that prior PCR counsel was ineffective for failing to argue trial counsel was ineffective in failing to (1) have phone records excluded, (2) investigate his innocence, and (3) request he be medicated during plea proceedings were already litigated in the first PCR action. The court also found first PCR counsel was not ineffective in failing to raise issues concerning Stacy's capability to plead guilty and the propriety of the plea colloquy.

Thereafter, in January 2019, Stacy moved for replacement of his court-appointed counsel, citing counsel's alleged inattention to the proceeding. The court denied the motion, as well as Stacy's motion to reconsider. Resistances to dismissal were filed by Stacy, pro se, and then by counsel. In his resistance, Stacy repeated his claims he was unable to enter into the plea agreement knowingly and intelligently and his trial counsel was ineffective as it relates to cell phone evidence.

As to his actual innocence claim, he alleged "recantations by persons involved in his case." The court ordered that Stacy should be provided additional time to substantiate his claim of actual innocence.

Thereafter, in May 2019, Stacy moved for appointment of an investigator at State expense to investigate any exculpatory evidence. The State resisted, arguing Stacy had already let the time set by the court to substantiate his claim expire and Stacy failed to identify what an investigation would disclose. Stacy responded the purpose of the investigation would be "to investigate exculpatory evidence, specifically unnamed witnesses." Following a hearing, the court denied the motion, concluding Stacy had not demonstrated a reasonable need for an investigator and he failed to point to specific evidence of actual innocence. Then, in June, Stacy, pro se, moved for production of medical records and appointment of a mental-health expert. In July, the court entered an order denying the motions, noting neither contained sufficient factual allegations to support the relief requested. The court also noted it would not consider any additional pro se filings due to Iowa Code section 822.3A (Supp. 2019)—which prohibits filing and consideration of pro se filings when an applicant is represented by counsel—recently taking effect. The court declined to consider Stacy's motion to reconsider the court's denial of his motion for an investigator.

In August, the court entered an order for summary disposition. The court rejected Stacy's actual-innocence claim, concluding Stacy failed to present any evidence to support the claim that could not have been raised within the limitations period. The court concluded Stacy's ineffective-assistance claims concerning suppression of cell phone records, failing to investigate the case, his alleged need

for medication during the plea proceeding, his ability to enter a plea deal, and the sufficiency of the plea colloquy were all litigated in the first PCR proceeding. Following the court's dismissal of the application, Stacy, pro se, filed an amended PCR application, generally repeating some of his claims, as well as a motion for new counsel.[2] The court entered an order noting the matter stands as dismissed and directing that Stacy could reapply for new counsel if an appeal was pursued. Stacy now appeals.

We ordinarily review summary disposition rulings in PCR proceedings for legal error, but our review is de novo when claims of ineffective assistance of counsel come into play. *Linn v. State*, 929 N.W.2d 717, 729 (Iowa 2019).

First, Stacy argues his counsel's failure to submit additional evidence to substantiate has actual-innocence claim and the court's denial of his requests for new counsel constituted structural error. "A structural error or defect has been said to arise when the flaw 'affect[s] the framework within which the trial proceeds.'" *Krogmann v. State*, 914 N.W.2d 293, 313 (Iowa 2019) (alteration in original) (citation omitted). Our supreme court has

> recognized structural error occurs when: (1) counsel is completely denied, actually or constructively, at a crucial stage of the proceeding; (2) where counsel does not place the prosecution's case against meaningful adversarial testing; or (3) where surrounding circumstances justify a presumption of ineffectiveness, such as where counsel has an actual conflict of interest in jointly representing multiple defendants.

*Lado v. State*, 804 N.W.2d 248, 252 (Iowa 2011).

---

[2] The court's dismissal order was entered on August 21. It appears the motion for new counsel was authored by Stacy on August 5, but it was not filed until after the order for dismissal.

Stacy simply argues he "was effectively denied the opportunity to submit evidence in support of his actual innocence claim through the actions and inactions of his court appointed attorney." At the hearing on his motion for an investigator, Stacy was unable to recite any evidence to the court that would support his claim of actual innocence. He only pointed to various character evidence witnesses and did not reference any newly discovered evidence, recantation-related or otherwise. The record shows counsel had nothing to work with because Stacy had nothing to provide which would advance the actual-innocence claim. Contrary to Stacy's claim he "was effectively denied the opportunity to submit evidence in support of his actual innocence claim through the actions and inactions of his court appointed attorney," the record shows Stacy had no evidence to support the claim. That would not have miraculously changed in the event new counsel was appointed. Absent such purported evidence, Stacy is also unable to provide any meaningful argument as to how other representation would have changed the outcome. *See Dunbar v. State*, 515 N.W.2d 12, 15 (Iowa 1994). We reject the claim of structural error.

Next, Stacy argues the prohibition against the filing and consideration of pro se documents when an applicant is represented by counsel contained in Iowa Code section 822.3A(1)[3] unconstitutionally violates separation of powers principles and the court erred in applying it retroactively to a case that was pending when the statute took effect. Neither argument was raised or decided below, so

---

[3] In his briefs, Stacy incorrectly cites Iowa Code section 822.3B. Such a statute does not exist.

they are not preserved for our review. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002).

Lastly, Stacy claims "the district court erred in dismissing [his] application without an evidentiary hearing." He argues "he did not have the opportunity to present his claim of actual innocence or of ineffective assistance of counsel." Stacy's ineffective-assistance claims were previously adjudicated, and he was provided ample opportunity to seek and present evidence of actual innocence, but he failed to do so.

We affirm the dismissal of Stacy's PCR application.

**AFFIRMED.**