Robert CONNOR, Applicant–Appellant,

v.

STATE of Iowa, Respondent–Appellee.

No. 00–0293.

Court of Appeals of Iowa.

May 9, 2001.

Linda Del Gallo, State Appellate Defender, and Patricia Reynolds, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Richard J. Bennett, Assistant Attorney General, William E. Davis, County Attorney, and Kelly G. Raines, Assistant County Attorney, for appellee.

Heard by SACKETT, C.J., and HUITINK and ZIMMER, JJ.

SACKETT, Chief Judge.

Applicant–Appellant Robert Connor appeals following the district court's denial of his claim for postconviction relief. Connor contends his right to counsel was violated when the district court failed to make inquiry after Connor contended his attorney had a conflict of interest because (1) the attorney filed a motion claiming Connor's petition for postconviction relief was frivolous before any evidentiary hearing was held, and (2) Connor had filed an ethics complaint against the attorney. We reverse and remand.

Connor pled guilty to two counts of third-degree sexual abuse, one count of second-degree kidnapping and one count of gang participation and was sentenced. Connor filed an application for postconviction relief challenging the conviction, and the matter was set for hearing. The attorney representing Connor in the postconviction proceedings, Thomas Preacher, moved to withdraw as Connor's attorney, contending Connor's application was frivolous. Connor advised the district court he had filed an ethics complaint against Preacher. Connor contended that because of the complaint Preacher had a conflict and requested the matter be continued and a new attorney be appointed for him. The district court denied Connor's motions as well as Preacher's motion to withdraw. The district court received arguments and ruled that appellant had been well represented by Preacher, and that Preacher had fulfilled his responsibility to review the proceedings against Connor. Connor's claim for relief was denied.

Connor contends the district court denied him his right to counsel by failing to inquire into Preacher's conflict of interest. Connor argues that he was entitled to have the court make an inquiry to determine whether Preacher had a conflict of interest, and because the district court failed to do so, the district court did not have all the facts before making a ruling.

The State recognizes that when a conflict of interest is brought to a trial judge in a criminal proceeding, the judge is required to inquire into the possible conflict. *See Cuyler v. Sullivan*, 446 U.S. 335, 346, 100 S.Ct. 1708, 1717, 64 L.Ed.2d 333, 345 (1980). The State advances, however, that Connor is not entitled to relief because the Sixth Amendment right to counsel under the federal Constitution does not apply in a state postconviction collateral attack on a criminal conviction.

We agree with the State that the Sixth Amendment right to counsel does not apply to a postconviction procedure. *See Coleman v. Thompson,* 501 U.S. 722, 752, 111 S.Ct. 2546, 2566, 115 L.Ed.2d 640, 671 (1991)

■ However, the Iowa legislature has seen fit to provide counsel for postconviction applicants. Iowa Code section 822.5 provides:

... unless the applicant is confined in a state institution and is seeking relief [under section 822.2(5) or (6) ] the costs and expenses of legal representation shall ... be made available to the applicant in the preparation of the application, in the trial court, and on review if applicant is unable to pay.....

In *Dunbar v. State,* 515 N.W.2d 12, 14 (Iowa 1994) the State argued, as the State does here, that Dunbar was not constitutionally entitled to the assistance of counsel in postconviction relief proceedings and consequently could not challenge the denial of his application for postconviction relief by claiming ineffective assistance of postconviction relief counsel. In *Dunbar* the Iowa court rejected the State's argument in its holding that the *Coleman* case did not affect Dunbar's ability to claim ineffective assistance of postconviction relief counsel because such a claim was not constitutionally based in Iowa. *Id.; see also Fuhrmann v. State,* 433 N.W.2d 720, 722 (Iowa 1988) (court held no "state or federal constitutional grounds" for counsel in postconviction relief proceedings). In *Dunbar,* the court noted that the Iowa Code[1] gave the district court discretion to appoint postconviction counsel. *Dunbar,* 515 N.W.2d at 14. The court reasoned that the right to counsel "necessarily implies that counsel be effective." *Id.* Conse-

quently once counsel is appointed in a postconviction proceeding the petitioner has a right to the effective assistance of this counsel. *Id.; see also Patchette v. State,* 374 N.W.2d 397, 398 (Iowa 1985).

■ Representation is presumed competent and a defendant has the burden to prove by a preponderance of the evidence that counsel was ineffective. *Dunbar,* 515 N.W.2d at 15. It is reasonable to assume that effective assistance requires that counsel be free from any conflict of interest.

■ This case requires a two-part analysis: we address 1) whether the *Dunbar* right to effective counsel in a postconviction proceeding also requires, as it does on direct appeal, that upon request by the defendant, the trial court determine postconviction counsel to be conflict-free; and 2) whether we should expect the trial court to proceed in the same manner it would if the defendant were making a constitutional claim. We answer both questions in the affirmative.

■ When a defendant makes a timely objection, the trial court in a Sixth Amendment challenge has an obligation to conduct an adequate inquiry to determine whether an actual conflict exists. *See Atley v. Ault,* 191 F.3d 865, 870 (8th Cir. 1999). If a trial court fails to discharge this duty, prejudice is presumed. *See id.* The failure of the trial court to make an inquiry into the factual basis of the conflict is not excused because the trial court was aware of possible conflicts. *Id.* at 871, 191 F.3d 865. Nor is it excused because of the possibility that the conflict is remote. *See id.* at 872, 191 F.3d 865. Nor does a court's concern that a defendant is engag-

---

**1.** The court in *Dunbar* referred to Iowa Code section 633A.5 which chapter was transferred to 822 in 1993.

ing in dilatory practice excuse its responsibility to inquire. *See id.* at 873, 191 F.3d 865. The district court erred in failing to inquire into the alleged conflict.

■ Secondly, when a defendant makes a timely objection, *Dunbar* would appear to instruct that Connor has the same rights he would have if this were a constitutional challenge. A claim an attorney has a conflict of interest is a burden to effective assistance of counsel. *See Holloway v. Arkansas,* 435 U.S. 475, 489–90, 98 S.Ct. 1173, 1181, 55 L.Ed.2d 426, 437–438 (1978); *Atley,* 191 F.3d at 870.

■ The record shows Connor filed an ethics complaint against Preacher and that he attempted to relate the facts of the complaint to the district court but was denied the opportunity to do so. The State argues that the specific ethics claim Connor made does not appear on the record and that Connor's allegations are vague. But nowhere in the record can we find even the facts upon which the complaint was lodged. The district court erred in failing to inquire into the alleged conflict. We reverse and remand to the district court with instructions to make the required inquiry and to rule accordingly. We do not suggest what that ruling should be.

**REVERSED AND REMANDED.**