# IN THE COURT OF APPEALS OF IOWA

No. 24-0085
Filed August 21, 2024

**BRANDON DANIEL RUIZ,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Scott County, Tamra J. Roberts,
Judge.

        The applicant appeals the dismissal of his second application for
postconviction relief.  **AFFIRMED.**

        Jessica Donels of Parrish Kruidenier, LLP, Des Moines, for appellant.

        Brenna Bird, Attorney General, and Louis S. Sloven, Assistant Attorney
General, for appellee State.

        Considered by Tabor, C.J., and Greer and Schumacher, JJ.

**GREER, Judge.**

Brandon Ruiz appeals the dismissal of his second application for postconviction relief (PCR). He asks us to adopt equitable tolling and, alternatively, claims he is entitled to relief because counsel for this PCR action failed to submit any filings on his behalf in the district court, resulting in the dismissal of his case. For the reasons detailed below, we affirm the dismissal of the PCR action.

**PROCEDURAL HISTORY.** Ruiz was convicted of second-degree sexual abuse in 2018. He appealed his conviction, which we affirmed. *See State v. Ruiz*, No. 18-1260, 2019 WL 3729562, at *2 (Iowa Ct. App. Aug. 7, 2019). Procedendo issued on December 10, 2019.

In his first PCR application, Ruiz alleged that he received ineffective assistance from both trial and direct appeal counsel in various ways. The district court denied his application. On appeal, Ruiz raised an issue the district court did not rule on—trial counsel's alleged failure to emphasize the inconsistent statements of the complaining child witness. We ruled the claim was "technically . . . not preserved for our consideration" before concluding that, if it was properly preserved, we would not find Ruiz successfully met his burden to establish an ineffective-assistance claim. *Ruiz v. State*, No. 22-0913, 2023 WL 4529424, at *2 (Iowa Ct. App. July 13, 2023). Procedendo issued August 23, 2023 (after the three-year PCR statute of limitations ran).

Ruiz filed his second PCR application pro se on September 5, 2023, after which the district court appointed him counsel. Then, recognizing the statute of limitations ran in December 2022, the State filed a motion to dismiss, arguing the

application was time-barred.  After an unreported hearing, the court granted the State's motion to dismiss.  Ruiz appeals.

**ANALYSIS.**  First, Ruiz asks us to adopt the doctrine of equitable tolling in cases like his, where a defendant's first PCR action is not completed until after the three-year window for new PCR actions closes.  He challenges the constitutionality of section 822.3, which would prevent someone in his shoes from obtaining relief in a second PCR action.  Ruiz recognizes he did not raise this issue to the district court but suggests he was not required to "as it would make little sense to require a party to argue existing case law should be overturned before a court without the authority to do so."  *State v. Williams*, 895 N.W.2d 856, 859 n.2 (Iowa 2017).  But we think the more prudent course of action is to follow our normal error-preservation rules.  *See, e.g.*, *Teah v. State*, No. 23-0660, 2024 WL 470355, at *1 (Iowa Ct. App. Feb. 7, 2024) (declining to reach the merits of the applicant's equitable-tolling claim on appeal because it was not raised to the district court); *see also Sandoval v. State*, 975 N.W.2d 434, 438 (Iowa 2022) (refusing to consider constitutional issues for the first time on appeal when the applicant did not raise the issues in the district court).  For that reason, we decline to consider this issue further.

Second, Ruiz contends that he is entitled to relief because his counsel for this PCR action failed to file anything on his behalf in district court.  He maintains it was due to counsel's failure that his time-barred PCR application was dismissed.  Ruiz concedes he is raising this issue for the first time here on appeal but argues second-PCR counsel provided ineffective assistance and asserts we should decide the issue on its merits.

We conclude we do not have an adequate record to decide Ruiz's claim of ineffective assistance against second-PCR counsel.[1] *See Goode v. State*, 920 N.W.2d 520, 526–27 (Iowa 2018) (declining to address a claim that PCR counsel provided ineffective assistance raised for the first time on appeal from the PCR action because, without evidence to support the claim, "the record on appeal [was] inadequate to address the new claim of ineffective assistance of [PCR] counsel").

While Ruiz suggests it was structural error for second-PCR counsel not to file anything on his behalf, it is unclear from the record before us what counsel could or should have filed to save his application from the time-bar. On this point, Ruiz directs us to *Mayorga v. State,* No. 23-0029, 2024 WL 1295965, at *3 (Iowa Ct. App. Mar. 27, 2024), in which a panel of this court held PCR counsel committed structural error when counsel failed to prepare and filed a last-minute continuance; the court reversed the dismissal and remanded for further proceedings. Ruiz compares the situation here with the facts in that case and argues his case should be reversed and remanded for a PCR trial. But *Mayorga* can be distinguished. Here, PCR counsel participated in the hearing on the motion to dismiss and the district court found the statute of limitations had run, which is unlike *Mayorga*, where the State had not even raised the statute-of-limitations defense below and no party appeared for the scheduled hearing after the motion to continue was filed. *Mayorga,* 2024 WL 1295965, at *2–3.

---

[1] We recognize Ruiz's window of time to file a new PCR action has passed, but "we decline to remand claims of ineffective assistance of [PCR] counsel raised for the first time on appeal." *Goode*, 920 N.W.2d at 527; *see also Karns v. State*, No. 21-0758, 2022 WL 2348144, at *4 n.3 (Iowa Ct. App. June 29, 2022) (relying on *Goode* and refusing to remand for new PCR trial even though the applicant's "window to file a new PCR action may be closed").

Further, Ruiz concedes in his appellate brief that his requested path still requires a "record . . . adequate to warrant a ruling" before we may consider this issue under his PCR claim. But, he asserts "[t]here were valid arguments against dismissal" that PCR counsel never raised, including that his "pro se petition alleged new facts that were previously unavailable."[2] Yet Ruiz has not even listed for us what "new facts" were part of his second PCR application, *see Hyler v. Garner*, 548 N.W.2d 864, 876 (Iowa 1996) ("[W]e will not . . . comb the record for facts to support [a party's] arguments."), let alone conducted any analysis to show he could "meet the 'obvious requirement' that he . . . could not have raised the ground of fact within the limitations period." *Moon v. State*, 911 N.W.2d 137, 143 (Iowa 2018); *accord id.* (outlining what the applicant must establish to meet the ground-of-fact exception to the statute of limitations). And while we can see from our review of the record that counsel did not make any filings on Ruiz's behalf, we cannot tell what happened at the unreported hearing on the motion to dismiss. Without more, arguing counsel's failure to take action amounted to structural error is not enough; Ruiz must still show that it was counsel's inaction—as opposed to the untimeliness of the second PCR application—that resulted in the dismissal. *See Smith v. State*, 7 N.W.3d 723, 727 (Iowa 2024) ("The constitutional prejudice standard applies even in cases involving so-called constitutional structural error.

---

[2] Ruiz also states that second-PCR counsel could have raised alleged failures of first-PCR counsel that caused the long delay before the first PCR was resolved, ultimately preventing Ruiz from filing a timely second PCR application. But it is not clear to us how complaints about first PCR counsel would have shown that Ruiz's second PCR application met an exception to the statute of limitations. And Ruiz neither connects the dots to illustrate the significance nor provides any authority in support.

'[T]he term "structural error" carries with it no talismanic significance as a doctrinal matter. It means only that the government is not entitled to deprive the defendant of a new trial by showing that the error was "harmless beyond a reasonable doubt."' . . . When a defendant fails to preserve a claim of structural error and instead raises the error in the context of an ineffective-assistance-of-counsel claim, the defendant must still establish constitutional prejudice." (citations omitted) (first alteration in original)).

Because the record is inadequate to decide this unpreserved claim of ineffective assistance of second-PCR counsel, we do not consider it further.

We affirm the dismissal of Ruiz's second PCR application.[3]

**AFFIRMED.**

Schumacher, J., concurs; Tabor, C.J., dissents.

---

[3] We reach this decision even though we recognize that Ruiz's second-PCR counsel moved to withdraw from his cause "due to high case load," which the district court denied, concluding, "there are no other contract attorneys with the public defender's office to handle PCR cases in this county."

**TABOR, Chief Judge** (dissenting).

I respectfully dissent. When the district court appointed counsel to represent Ruiz in his second postconviction-relief (PCR) action, that appointment came with the responsibility to provide competent representation. *See Connor v. State*, 630 N.W.2d 846, 848 (Iowa Ct. App. 2001); *Dunbar v. State*, 515 N.W.2d 12, 14 (Iowa 1994) (explaining right to counsel under Iowa Code chapter 822 "necessarily implies that counsel be effective"). In this appeal, Ruiz argues that not only was he denied competent representation, but he "was constructively without counsel during his [PCR] proceedings." I agree.

Here's the chronology. Ruiz was sentenced in July 2018; his direct appeal concluded in December 2019. His first PCR started in January 2020 and ended in August 2023—four months after Iowa Code section 822.3's three-year statute of limitations expired.[4] Self-represented, Ruiz filed this second application for PCR on September 5, 2023. His application alleged the ineffective assistance of both his first PCR trial counsel and PCR appellate counsel and asserted actual innocence.

Eight days later, the district court appointed counsel, directing her to confer with Ruiz and recast the PCR application by December 12 or file a statement that no recast application would be forthcoming. One day after her appointment, counsel moved to withdraw, citing high caseloads. The court rejected that request, explaining that there were "no other contract attorneys with the public defender's

---

[4] In that first PCR, more than two years elapsed between Ruiz filing his self-represented application and his court-appointed counsel filing an amended application.

office to handle PCR cases in this county."[5]  Two days later, counsel entered her appearance.  And then, crickets.

Counsel did not file a resistance to the State's motion to dismiss Ruiz's application as untimely.  Counsel did not file a recast application nor did counsel file a statement saying that Ruiz would stand on his self-represented filing.  And counsel did not move to withdraw based on the contention that Ruiz's second PCR application was frivolous.  *See Connor*, 630 N.W.2d at 847; *Page v. State*, No. 08-1104, 2009 WL 3337608, at *1 (Iowa Ct. App. Oct. 7, 2009).  Apparently, counsel did appear at an unreported video hearing and asked for thirty days to file a brief.  But, according to the court's order granting the State's motion to dismiss, counsel did not file that brief.

So without any argument for why this second PCR was not time barred, the district court granted the State's motion to dismiss.  On appeal, Ruiz—represented by new counsel—asks us to adopt the doctrine of equitable tolling when three years pass before the first PCR is completed.  As the majority correctly determines, that issue was not preserved because it was not argued in the district court.

To counter the error preservation problem, Ruiz argues that his second PCR counsel was ineffective for making no arguments at all on his behalf.  He compares his circumstances to *Lado v. State*, where counsel ignored a warning from the postconviction court that the action would be dismissed for failure to

---

[5] This is an aside, but it is important.  Scott County is Iowa's third most populous county.  But as of July 2024, only three attorneys had contracts with the state public defender to handle PCRs in that county.  As our chief justice noted in her 2023 State of Judiciary address:  "We are keenly aware of how the contract attorney shortage delays justice and jeopardizes the constitutional rights of indigent Iowans."

prosecute. 804 N.W.2d 248, 253 (Iowa 2011). There, our supreme court found counsel's inaction was the kind of structural error that "renders the entire postconviction relief proceeding 'presumptively unreliable.'" *Id.* (quoting *United States v. Cronic*, 466 U.S. 648, 659 (1984)). Ruiz also compares his case to *Mayorga v. State,* No. 23-0029, 2024 WL 1295965, at *3 (Iowa Ct. App. Mar. 27, 2024), where we reversed the dismissal of a PCR application because counsel filed an untimely motion to continue and did not appear for the scheduled PCR trial.

The majority distinguishes *Mayorga*, noting that here PCR counsel participated in the unreported hearing on the motion to dismiss. But that was also the scenario in *Lado*, 804 N.W.2d at 250 ("Lado's counsel filed nothing. Lado's counsel did represent him at his hearing, which was not reported."). The district court's order dismissing the case does not recount what substantive arguments, if any, Ruiz's counsel offered at the hearing. The only mention of his counsel in the order is her request for thirty days to file a brief that was never filed.

The majority rightly points out that Ruiz has not presented any new ground of fact or law that would prove an exception to the three-year statute of limitations. But doing so for the first time on appeal would not provide a preserved issue for our review. Because of counsel's inaction in the district court, we have no way to know if an exception existed. By not making a record of any investigation of Ruiz's claims and not urging any arguments on Ruiz's behalf—nor in the alternative seeking to withdraw to allow him to advance his own arguments—counsel breached an essential duty and rendered the proceeding presumptively unreliable.

Because of that structural error, Ruiz does not have to show on appeal that he would have proved an exception to the statute of limitations.

The majority, though, contends that Ruiz must show he was prejudiced by counsel's inaction, quoting *Smith v. State*, 7 N.W.3d 723, 727 (Iowa 2024) ("When a defendant fails to preserve a claim of structural error and instead raises the error in the context of an ineffective-assistance-of-counsel claim, the defendant must still establish constitutional prejudice."). But that dicta from *Smith* does not apply to Ruiz's situation. *Smith* involved a claim of ineffective assistance by trial counsel during jury selection. *Id.* at 727−28.[6] *Smith* did not involve the situation faced by Ruiz, where his counsel appointed for the PCR action made no argument on his behalf. And as Ruiz points out on appeal, being represented by counsel, he could not make any arguments on his own behalf. *See* Iowa Code § 822.3A(1).

Because Ruiz was denied his statutory right to effective assistance of postconviction counsel, I would reverse the dismissal and remand so that he may have the chance to address the State's motion to dismiss.

---

[6] *Smith* relies on *Weaver v. Massachusetts*, 582 U.S. 286, 299 (2017) for the proposition that "[w]hen a defendant fails to preserve a claim of structural error and instead raises the error in the context of an ineffective-assistance-of-counsel claim, the defendant must still establish constitutional prejudice." 7 N.W.3d at 727. But as our supreme court noted in another structural error case, "*Weaver* on its face is limited solely to postconviction claims alleging ineffective assistance for failure to assert a right to a public trial." *Krogmann v. State*, 914 N.W.2d 293, 323 (Iowa 2018).