# In the Iowa Supreme Court

No. 24–0085

Submitted February 19, 2025—Filed March 14, 2025

**Brandon Daniel Ruiz,**

Appellant,

vs.

**State of Iowa,**

Appellee.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Scott County, Tamra J. Roberts, judge.

An applicant for postconviction relief seeks further review of a court of appeals decision that affirmed the dismissal of his second application as untimely. **Decision of Court of Appeals and District Court Judgment Affirmed.**

Christensen, C.J., delivered the opinion of the court, in which all justices joined.

Jessica Donels (argued) of Parrish Kruidenier, LLP, Des Moines, for appellant.

Brenna Bird, Attorney General, and Louis S. Sloven (argued), Assistant Attorney General, for appellee.

**Christensen, Chief Justice.**

In this postconviction-relief (PCR) appeal, the applicant challenges the dismissal of his untimely second PCR application. The district court denied the applicant's first PCR application on the merits, and the court of appeals affirmed the decision. Due to filing delays from the applicant's appointed counsel at the district court level and the time it took on appeal, by the time procedendo was issued, the three-year PCR statute of limitations had already run. This rendered the applicant's second application untimely, and the State moved to dismiss the action.

One day after the State moved to dismiss the second application, the applicant's appointed counsel moved to withdraw "due to high case load." The district court denied this request, explaining that "there are no other contract attorneys with the public defender's office to handle PCR cases in this county." Appointed counsel subsequently entered her appearance but did not file anything on the applicant's behalf. Nevertheless, she represented the applicant at the unreported hearing on the motion to dismiss and requested an additional thirty days to file a brief that she ultimately never filed.

The district court concluded that the second application was time-barred and dismissed it. A split panel of the court of appeals affirmed, and we granted further review. On our review, we also affirm the dismissal of the applicant's second PCR action. The applicant failed to preserve his equitable tolling argument, just as he failed to present any specific ways that PCR counsel could have prevented the district court from dismissing his action as time-barred.

**I. Background Facts and Proceedings.**

Brandon Ruiz was convicted of second-degree sexual abuse in 2018 following a bench trial in which the district court concluded that the State proved one count of sexual contact between Ruiz's genitals and four-year-old A.R.'s

mouth. The district court acquitted Ruiz of six other second-degree sexual abuse counts alleging different sex acts. Ruiz moved for a new trial, arguing in relevant part that A.R.'s testimony was inconsistent with prior statements that she had given to the State's expert, Dr. Harre. The district court denied this motion.

In its written verdict, the district court explained that it was "able to reconcile the conflicts in the testimony by the simple fact that a six-year-old child would be far more comfortable talking to a doctor in a medical setting than she would be talking to two lawyers and a Judge in front of Ruiz." It also recognized that more than a year and a half had passed since the incidents occurred. The district court sentenced Ruiz to a term of incarceration not to exceed twenty-five years, and the court of appeals affirmed his conviction. *State v. Ruiz*, No. 18–1260, 2019 WL 3729562, at *1–2 (Iowa Ct. App. Aug. 7, 2019). Procedendo was issued on December 10, 2019.

On January 22, 2020, Ruiz filed his first PCR application with a request for appointment of counsel. The district court appointed counsel to Ruiz on April 1 and ordered counsel to confer with Ruiz and recast his application with specific claims for relief by June 30. It also ordered the State to file an answer by July 30. Although the State filed its answer within its deadline, counsel for Ruiz did not file a recast application until February 1, 2022. This recast application alleged that trial and direct appeal counsel were ineffective in various ways, including trial counsel's failure to challenge inconsistencies in A.R.'s testimony.

On May 5, 2022, after a hearing on the merits, the district court denied Ruiz's application. Regarding the alleged inconsistencies in A.R.'s testimony, the district court concluded that trial counsel's testimony and the evidence supported the fact that confronting A.R. with the inconsistencies in her other statements of abuse "would have likely affirmed these other allegations of sexual

abuse [against Ruiz] and adopted that as her further testimony in the trial supporting the other counts alleged against Ruiz."

On July 13, 2023, the court of appeals affirmed the district court's denial of his first PCR application. In doing so, it determined that Ruiz failed to preserve his claim that trial counsel's "half-hearted and timid" closing statement, which Ruiz believed failed to emphasize the inconsistencies in A.R.'s testimony, was ineffective assistance. *Ruiz v. State*, No. 22–0913, 2023 WL 4529424, at *1 (Iowa Ct. App. July 13, 2023). Had Ruiz preserved this claim, the court of appeals concluded that he failed to prove the elements of ineffective assistance because trial counsel's closing "succinctly summarize[d] the problems with the child's testimony." *Id.* Plus, "the trial court dismissed most of the charges, finding Ruiz guilty of only one act of sexual abuse." *Id.* Procedendo was issued on August 23, 2023—after the three-year PCR statute of limitations ran because procedendo was issued from the direct appeal of his conviction on December 10, 2019.[1]

On September 5, 2023, Ruiz filed a second pro se PCR application, asserting actual innocence and ineffective assistance of both trial and appellate counsel in his first PCR proceeding. Despite the new claim of actual innocence, Ruiz's application did not allege any new facts. The district court appointed counsel eight days later and directed counsel to confer with Ruiz and recast the application by December 12 or file a statement that no recast application would be forthcoming.

The same day that Ruiz filed his second PCR application, the State moved to dismiss his application as untimely. The next day, counsel moved to withdraw "due to high case load." In rejecting that request, the district court explained

---

[1]Under Iowa Code section 822.3 (2023), "applications must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued."

that "there are no other contract attorneys with the public defender's office to handle PCR cases in this county." Appointed counsel entered her appearance on behalf of Ruiz two days later but proceeded to file nothing on Ruiz's behalf. Ruiz could not file any pro se documents on his behalf, nor could the district court have considered any because he had representation. *See* Iowa Code § 822.3A(1) (2023) ("Except as otherwise provided . . . , an applicant seeking relief under section 822.2 who is currently represented by counsel shall not file any pro se document, including an application, brief, reply brief, or motion, in any Iowa court. The court shall not consider, and opposing counsel shall not respond to, such pro se filings.").

On November 8, the district court conducted a hearing on the State's motion to dismiss via videoconference. The hearing was unreported, so we have no transcript on appeal to review exactly what transpired. Instead, we must rely on the district court's order granting the motion, which noted the appearance of Ruiz's counsel at the unreported hearing, as well as her request for thirty days to file a brief on Ruiz's behalf.[2] Yet, as the order states, counsel never filed that brief or any additional pleadings prior to the deadline. The district court acknowledged Ruiz's specific arguments of ineffective assistance and actual innocence in his application. After the district court "considered the arguments

---

[2]In *State v. Brown*, 16 N.W.3d 484, 487 (Iowa 2025), we recently addressed how parties can create a record of the proceedings when a transcript is unavailable under Iowa Rule of Appellate Procedure 6.806. There, the court reporter died before the transcript could be prepared, but our appellate rules allow for this process whenever a party deems it necessary for the appellate record regardless of the reason for the transcript's unavailability. *Id.*; *see also* Iowa R. App. P. 6.806(1). Rule 6.806 "permits a party to file a statement describing the evidence 'prepared from the best available means, including the party's recollection,' with the opposing party permitted to file objections or proposed amendments to the other party's statement within ten days." *Brown*, 16 N.W.3d at 487 (quoting Iowa R. App. P. 6.806(1)–(2)). If there are discrepancies, the district court must settle them and any objections, then approve a final version of the statement. *Id.*; *see also* Iowa R. App. P. 6.806(3). Neither party requested this procedure.

of counsel and the applicable law," it dismissed Ruiz's appeal as untimely without addressing the merits of Ruiz's application.

Ruiz's counsel filed a timely notice of appeal and an application to withdraw, leading to the appointment of current appellate counsel. We transferred the case to the court of appeals, which affirmed the district court's dismissal of Ruiz's second application over the dissent of one judge. The dissenting judge concluded that "Ruiz was denied his statutory right to effective assistance of postconviction counsel" and would have reversed the dismissal and remanded "so that [Ruiz] may have the chance to address the State's motion to dismiss." We granted Ruiz's application for further review.

**II. Analysis.**

Ruiz asks us to reverse the district court's dismissal of his untimely second application and adopt an equitable tolling doctrine for applicants when "extraordinary circumstances outside their control," including PCR counsel's ineffectiveness, "delay[] their applications beyond the three-year limitation." Before we can address this request, we must determine whether it is properly before us. Quoting a footnote from our ruling in *State v. Williams*, 895 N.W.2d 856, 859 n.2 (Iowa 2017), *superseded by court rule on other grounds*, Iowa R. Crim. P. 2.33, Ruiz asserts that he did not have a duty to raise this claim before the district court because "it would make little sense to require a party to argue existing law should be overturned before a court without the authority to do so."

But that statement in *Williams* addressed an argument from the state, who prevailed at the district court level when the district court denied the defendant's motion to dismiss. *Id.* at 859. As the party who did not prevail at the district court level, it did not change Ruiz's error preservation obligations. "It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal."

*Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012) (quoting *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2022)). Because this did not occur, we will not consider his equitable tolling claim further. *See Sandoval v. State*, 975 N.W.2d 434, 437 (Iowa 2022) (declining to consider applicant's argument that constitutional principles entitled him to pursue his untimely fourth application for PCR because the applicant did not raise the issue in district court).

Recognizing his error preservation problem, Ruiz maintains that he is entitled to relief because his appointed counsel in this action provided ineffective assistance that resulted in structural error. The right to effective assistance of PCR counsel is statutory. *See* Iowa Code § 822.5; *Lado v. State*, 804 N.W.2d 248, 250 (Iowa 2011). Ordinarily, an applicant presenting this claim must prove by a preponderance of the evidence that PCR counsel failed to perform an essential duty, which resulted in prejudice. *Lado*, 804 N.W.2d at 251. In claims of structural error, the applicant is not required to show specific prejudice, as the "underlying criminal proceeding is so unreliable the constitutional or statutory right to counsel entitles the defendant to a new proceeding without the need to show the error actually caused prejudice." *Id.* at 252. This includes when "counsel is completely denied, actually or constructively, at a crucial stage of the proceeding." *Id.* That is what Ruiz maintains happened here.

Namely, Ruiz contends that he was constructively without counsel because his appointed PCR counsel "fail[ed] to present any arguments on [his] behalf." He compares his situation to *Lado v. State,* in which we found "Lado's counsel committed structural error that constructively denied Lado the right to counsel and rendered the postconviction relief proceeding inherently unreliable." *Id.* at 249. There, Lado's appointed counsel "sat silent and did not respond" to the state's motion for summary judgment and dismissal due to untimeliness. *Id.* at 252–53. But unlike Ruiz's counsel, the district court expressly warned Lado's

counsel upon appointment that "Lado's application was under a rule 1.944 dismissal notice for failure to prosecute." *Id.* at 250. Counsel ignored this warning and took no action to prevent or rectify the dismissal, prompting the district court to dismiss Lado's case for failure to prosecute the action under Iowa Rule of Civil Procedure 1.944 without addressing the merits. *Lado*, 804 N.W.2d at 250. On appeal, we held that counsel committed structural error because "Lado was constructively without counsel during his postconviction relief proceeding as his application was dismissed without any consideration of its merits or meaningful adversarial testing." *Id.* at 253.

Significantly, that was Lado's first PCR attempt, so the district court would have never heard his case on the merits had we not reversed and remanded to the district court. *Id.* at 249. Conversely, Ruiz had appointed counsel in his first PCR action that assisted him with his case, and the district court examined his claims on the merits. Despite the court of appeals' holding that Ruiz failed to preserve error on his argument on appeal from that PCR denial, it, too, proceeded to analyze the merits of Ruiz's nonpreserved argument when it affirmed the district court's decision just two months before Ruiz filed the application at issue here. Between the direct appeal of his conviction and his first PCR action, multiple courts have reviewed the merits of Ruiz's conviction.

This case also differs from *Lado* because Ruiz's application was not dismissed for failure to prosecute under rule 1.944. Instead, the district court dismissed Ruiz's application because it was time-barred under Iowa Code section 822.3. This section is clear that the ineffective assistance of first PCR counsel is not a reason to extend the statute of limitations on an applicant's second PCR application, as it states, "An allegation of ineffective assistance of counsel in a prior case under this chapter shall not toll or extend the limitation

periods in this section nor shall such claim relate back to a prior filing to avoid the application of the limitation periods." *Id.*

Thus, Ruiz's suggestion that counsel could "have challenged the series of structural errors [from first PCR counsel] that led [his] second PCR application to be time-barred" is meritless. As the court of appeals observed, "[I]t is not clear to us how complaints about first PCR counsel would have shown that Ruiz's second PCR application met an exception to the statute of limitations. And Ruiz neither connects the dots to illustrate the significance nor provides any authority in support." We need not speculate over what may have happened had Ruiz's counsel made the argument he now proposes about his first PCR counsel's ineffectiveness because it still would have required dismissal under Iowa Code section 822.3.

The only exception to the statute of limitations under Iowa Code section 822.3 that could possibly apply here is for "a ground of fact or law that could not have been raised within the applicable time period." Ruiz recognizes the importance of this argument, asserting in his brief that counsel "could have pointed out that [his] pro se petition alleged new facts that were previously unavailable." Regardless of whether counsel pointed this out at the hearing, we assume that the district court read the petition and noticed Ruiz's allegation of new facts. In fact, its dismissal ruling acknowledged Ruiz's claim of actual innocence and declared that it had "considered the arguments of counsel and the applicable law." For all we know on this record, Ruiz's counsel raised the arguments at the hearing that he is now advocating for on appeal.

Notably, despite Ruiz's claim in his pro se application that there were new facts that were previously unavailable, Ruiz never listed these new facts or discussed how they were previously unavailable. In response to the application's question for "[f]acts supporting application within personal knowledge of

applicant," Ruiz merely wrote, "Opinion of Ct. of appeals; Petitioner is actually innocent." In response to the application's question for a list of the "documents, exhibits, affidavits, records, or other evidence supporting this application," Ruiz reported, "None. Public record."

"[W]here a claimant alleges counsel's failure to pursue a particular course breached an essential duty, there is no such duty when the suggested course would have been meritless." *State v. Tompkins*, 859 N.W.2d 631, 637 (Iowa 2015); *see also State v. Button*, 622 N.W.2d 480, 485 (Iowa 2001) (en banc) ("Because [defendant's] argument has no merit, his counsel was not ineffective for failing to make this challenge."). The record before us prevents us from determining what course of action counsel took to investigate or address Ruiz's allegation of new facts, let alone whether counsel purposely decided not to pursue Ruiz's claim of new facts because it was meritless. Rather, all we can glean from this record is that counsel appeared at the hearing and requested thirty days to file a brief that she subsequently never filed. For all we know, the absence of that brief could have been a conscious decision on counsel's part after she investigated Ruiz's alleged new facts and found them meritless.

We only decide claims of ineffective assistance "on direct appeal when the appellate record is adequate," and the record here falls short. *Goode v. State*, 920 N.W.2d 520, 526 (Iowa 2018). Ruiz asks us to "remand for further proceedings to give [him] the opportunity to develop his claims at trial" because the statute of limitations under chapter 822 forecloses his ability to seek relief for his ineffective assistance in a new PCR action. As we have stressed throughout this opinion, the problem with remand is that Ruiz does not state any "specific ways in which counsel's performance was inadequate and identify how competent representation probably would have changed the outcome." *Dunbar v. State*, 515 N.W.2d 12, 15 (Iowa 1994).

Ruiz speculates that counsel could have taken certain actions to prevent dismissal for untimeliness, but we do not know what actions counsel took at the hearing, whether counsel investigated Ruiz's claim of actual innocence, and what counsel's strategy—if any—was for not filing the brief that she requested at the hearing. Even Ruiz's suggestion on appeal that counsel should have pointed out that he was alleging new facts in his application falls short of providing any insight into what those new facts are or when or how he discovered them.

In sum, because this is not a case of structural error as described in *Lado*, "we decline to remand [Ruiz's] claims of ineffective assistance of postconviction counsel raised for the first time on appeal to the district court to hear and decide." *Goode*, 920 N.W.2d at 527.

**III. Conclusion.**

For these reasons, we affirm the decisions of the court of appeals and district court.

**Decision of Court of Appeals and District Court Judgment Affirmed.**